**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
| Plaintiff,   ) | |
| )  | |
| v.    ) | Case No. 1:26-cr-0001-AHA |
| )  | |
| BRIAN COLE, JR.,   ) | |
| )  | |
| Defendant.    ) | |
| )  | |

**DEFENDANT'S EMERGENCY MOTION**
**FOR REVIEW OF MAGISTRATE'S ORDER**
**DENYING RELEASE PURSUANT TO 18 U.S.C. § 3060(d)**

Pursuant to Local Criminal Rule 57.17(a)(5) and 59.3(a) and 28 U.S.C. § 636(b)(3), Defendant Brian Cole Jr. respectfully submits this emergency motion seeking immediate review of Magistrate Sharbaugh's January 2, 2025 Minute Order conditionally "accepting" the indictment returned by the D.C. Superior Court in this matter on December 29, 2025, thereby denying Mr. Cole's motion for release under 18 U.S.C. § 3060(d). (Dkt. 26.)

The Magistrate's order commits two legal errors: (1) it conditionally accepts the Superior Court indictment returned in this case without any legal analysis of its validity; and (2) uses that conditional acceptance as the basis to keep Mr. Cole detained beyond the time permitted under federal law. The time for establishing probable cause already expired under both Fed. R. Crim. P. 5.1 and 18 U.S.C. § 3060. Every hour Mr. Cole is unlawfully detained is irreparable harm.

1

The Magistrate's brief minute order—entered three days after these issues were raised—allows Mr. Cole's detention to continue in direct violation of 18 U.S.C. § 3060(d), and it does so while avoiding any legal analysis of the dispositive issue, which is whether a valid indictment has been returned in this case. The Magistrate did not decide whether a D.C. Superior Court grand jury can validly return an indictment in federal court under the Federal Rules. Nor did the Magistrate apply 18 U.S.C. § 3060's *mandatory* remedy where a detained defendant is not accorded a timely preliminary hearing and no valid indictment has intervened. *See* 18 U.S.C. § 3060(d)–(e). All this was error, and Mr. Cole faces ongoing detention without legal basis as a result.

On December 30, 2025, the defense filed a 20-page brief (less than 12 hours after the government filed its brief) urging the Court to reject the Superior Court indictment. The Court's order neither resolves nor even addresses the arguments raised by Mr. Cole. Instead, the order treats the government's promise to "promptly" seek a superseding *federal* indictment as close enough to distinguish this case from this Court's decision to stay its order accepting the indictment in *Stewart*. Federal law demands more than the Magistrate's "close enough" approach to an issue this Court has already recognized as "close and challenging" in *Stewart*. (Case No. 25-mj-225, Dkt. 45 at 1.)

The Court must decide whether the purported "indictment" is enough to satisfy section 3060(d). If it is not, then Mr. Cole must be released immediately.

Even taking the Minute Order by its terms, the Magistrate has not actually "accepted" an indictment that moots Fed. R. Crim. P 5.1 or section 3060(d). The Court set no arraignment for Mr. Cole nor any further proceedings under the Rules that attach when an indictment is returned. The Order accepts the return only "on the understanding" that the government will *later* cure what the Magistrate ostensibly saw as a fraught position. Indeed, it gave the government until January 9, 2025, to fix this problem and get its case on sure footing. None of this provides a legal basis for the Court to ignore the statutory commands of federal law, namely section 3060. It is simply a mechanism to allow the government to continue to flout the law.

The Magistrate's attempt at throwing the government a life raft eschews the most critical point: *federal law requires Mr. Cole's release now*, regardless of what the government does before January 9, 2026. The Magistrate's conditional "acceptance" neither converts this matter into an indicted case nor extinguishes Mr. Cole's immediate right to a preliminary hearing—which he sought and was denied on December 30, 2025. Rule 5.1(f) makes clear that it is a returned, operative indictment—not a *future intention* to obtain one, as the government professes here—that obviates the hearing. Until a valid federal indictment is in place and the case proceeds accordingly, 18 U.S.C. § 3060(d) governs, and explicitly requires that Mr. Cole be "discharged from custody." As things stand, Mr. Cole is being detained on a court-created stopgap measure. That's wrong.

The Magistrate's conditional acceptance of the indictment is insufficient to continue to detain Mr. Cole. But it's also plainly wrong on the merits. *Stewart*'s stay

3

counsels restraint "before the Government moves forward . . . in similar fashion on other cases." (Case No. 25-mj-225, Dkt. 45 at 2.) The Magistrate's order here never engages the controlling question whether the Federal Rules permit non-federal grand juries to indict in federal court at all, especially not the arguments that were not raised in *Stewart*. It cites no authority resolving the Rules Enabling Act issue or the Rules' definitions of "court" and "grand jury," and it does not address the jurisdictional defects and practical problems detailed in the defense's brief. When a defendant's liberty is at stake, the law demands more than giving the government a court-created "close enough" exception.

The Court should: (i) set aside the Magistrate's order; (ii) decline to accept or give effect to the Superior Court return for the reasons raised in Dkt. 26; and (iii) enforce 18 U.S.C. § 3060(d) and order Mr. Cole's immediate release.

Respectfully submitted this January 3, 2026.

/s/ J. ALEX LITTLE
J. Alex Little (Pro Hac Vice)
Zachary C. Lawson (Pro Hac Vice)
John R. Glover (Pro Hac Vice)

LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co

/s/ MARIO B. WILLIAMS
Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)

/s/JOHN SHOREMAN
John M. Shoreman
DC Bar #407626

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing pleading upon all attorneys of record via the email.

Respectfully submitted on this January 3, 2026,

/s/ALEX LITTLE
Alex Little
(*Pro Hac Vice*)