IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 1:26-cr-00001 |
| ) | |
| BRIAN COLE, JR.,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION
FOR REVIEW OF MAGISTRATE'S ORDER
DENYING RELEASE PURSUANT TO 18 U.S.C. § 3060(d)**

Defendant Brian Cole Jr. respectfully submits this reply in support of his emergency motion seeking immediate review of Magistrate Sharbaugh's January 2, 2026 Minute Order conditionally "accepting" the indictment returned by the D.C. Superior Court in this matter. The government's response gets three things fundamentally wrong.

*First*, the Magistrate did not "unequivocally" accept the D.C. Superior Court indictment, as the government claims. (Dkt. 37 at 2.) The Order accepts the indictment only "*on the understanding* that the government will promptly pursue a superseding indictment" from a federal grand jury. That's a condition. The Magistrate even set a status conference for January 9—no doubt to ascertain the status of that condition. Nothing about its Order is unequivocal acceptance. The Magistrate's Order is a placeholder contingent on a future cure.

1

The Order's explicit conditional language isn't the only giveaway on this point. No arraignment was set and no Rule 10 proceeding scheduled—if the case were truly "proceeding on an indictment," arraignment would follow, not a check-in status conference on January 9. Additionally, the Order's own contingency refutes the government's "unequivocal" label. Rule 5.1(f) requires a returned, operative indictment *now*—not an intention to get one next week—to moot a preliminary hearing. The same is true of 18 U.S.C. § 3060(e). "Receiving" paperwork does not resolve Rule 5.1 or § 3060.

*Second*, the government's response ducks the dispositive question: under the Federal Rules of Criminal Procedure, who can convene the grand jury that returns a federal indictment? The Rules answer it. Rule 6(a)(1) authorizes only "the court" to summon a grand jury. Rule 1 defines "court" as a federal court. *See* Fed. R. Crim. P. 1(b)(2)-(3). The government offers no theory by which a D.C. Superior Court can be "the court" for purposes of Rules 1 and 6 or how a grand jury it supervises can return an indictment operative in federal court. Nor does the government offer any rebuttal to the argument that the Rules Enabling Act explicitly supersedes the previously enacted provisions of the D.C. Code—an argument that Chief Judge Boasberg never considered in *Stewart*.

Instead of responding to the arguments on the table, the government simply assures the Court that the Magistrate Judge "applied settled law" to decide this complex issue. But no such thing happened. The Magistrate Judge's Minute Order is only a few sentences long. It cites no Federal Rule, analyzes none of the text of those

Rules, confronts no Rules Enabling Act issue, and offers no analysis of how a non-federal "court" can be "the court" under Rules 1 and 6. What the Magistrate Judge was actually addressing with its brief order—what it even called "the salient question"—was simply whether the *Stewart* stay applies to this case. That misses the point of Mr. Cole's present motion, which is that no valid indictment has been returned, so he is entitled to immediate release under 18 U.S.C. § 3060.

What the government's response *really* invokes is the separate, 19-page detention memorandum entered by the Magistrate.[1] But that order offers the government no help in making its point here because it expressly noted the indictment issue had been "deferred." Dkt. 28 at 5 n.2. The detention order did not (and could not) resolve the conflicts the defense raised under Rules 1, 6, and 7 and 28 U.S.C. § 2072(b). The government's repeated insistence that the indictment issue is "settled" does not supply the missing analysis.

*Finally*, to differentiate from the *Stewart* stay, the government reads "in similar fashion" as a narrow carve-out that turns on its own case-specific details and motives (such as the grand jury holiday calendar, a promise to supersede later, and no prior federal presentment). That is not what Chief Judge Boasberg wrote. Chief Judge Boasberg explained the core concern: a defendant "could well be irreparably harmed if his prosecution moves forward on an indictment ultimately held invalid," and "the public interest lies in letting the Court of Appeals decide this issue before

---

[1] Mr. Cole intends to appeal this detention order by separate motion.

the Government moves forward both on this case and in similar fashion on other cases." *Stewart*, No. 1:25-mj-225, Dkt. 45 at 1-2.

Chief Judge Boasberg's concerns exist here. "Similar fashion" plainly refers to the general practice—moving a federal prosecution forward on the strength of an indictment whose validity is unsettled—not to a tiny subset of scenarios with identical procedural histories. Here, just like in *Stewart*, the government is pressing ahead on a D.C. Superior Court indictment while the legality of that practice is unresolved. Whether it promises to "fix it later" with a superseding federal indictment is beside the point; the harm and the stay's purpose are about proceeding now on a potentially invalid indictment. The fact that the government can (or at least tried to) differentiate its motives here is not an escape valve. The government's narrowing would gut the stay.

In sum, the government's response cannot supply what the record and the Rules lack: a valid, operative **<u>federal</u>** indictment. The Court should vacate the Minute Order and order Mr. Cole's immediate release under 18 U.S.C. § 3060(d). In the alternative, at the very least, this Court must do what the Magistrate Judge avoided: address the legal issues raised by the defendant that his continued detention is illegal.

Respectfully submitted this January 6, 2026.

**/s/ J. ALEX LITTLE**
J. Alex Little (Pro Hac Vice)
Zachary C. Lawson (Pro Hac Vice)
John R. Glover (Pro Hac Vice)

**LITSON PLLC**
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co

**/s/ MARIO B. WILLIAMS**
Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)

**/s/JOHN SHOREMAN**
John M. Shoreman
DC Bar #407626

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing pleading upon all attorneys of record via the Court's electronic filing system.

Respectfully submitted on this January 6, 2026,

**/s/ALEX LITTLE**
Alex Little
(Pro Hac Vice)

5