UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 26-cr-00001 (AHA) |
| : | |
| BRIAN J. COLE, JR., : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE IN SUPPORT OF
### DENYING DEFENDANT'S EMERGENCY MOTION AS MOOT

The government respectfully asks the Court to deny defendant Brian J. Cole, Jr.'s emergency motion for release under 18 U.S.C. § 3060(d), ECF No. 33, as moot. Under the statute's plain terms, and as interpreted by numerous courts, "as a result of being indicted, any claim that the defendant might have had for release pending further criminal proceedings was rendered moot." *United States v. Williams*, 526 F. App'x 29, 35–36 (2d Cir. 2013).

On January 6, 2026, a federal grand jury returned a superseding indictment charging the defendant with violations of 18 U.S.C. §§ 844(d) (interstate transportation of explosives) and 844(i) (malicious attempt to use explosives). For the reasons stated in the government's earlier pleadings, the original indictment returned December 29, 2025, was valid and properly accepted by Magistrate Judge Sharbaugh on January 2, 2026. *See* ECF Nos. 29-1, 37. Moreover, on December 30, 2025, Judge Sharbaugh expressly found under Federal Rule of Criminal Procedure 5.1(d) and 18 U.S.C. § 3060(c) that extraordinary circumstances justified further delay of a preliminary hearing to allow him time to consider and resolve the validity of the original indictment.[1] Those circumstances apply equally to the defendant's emergency motion, which

---

[1] Judge Sharbaugh stated, in relevant part, "I find in this case that there are extraordinary circumstances, specifically, the development that I just discussed with the parties, because, of course, the return of an indictment, under both the Rules of Criminal Procedure and the statute, obviate the need for a preliminary hearing. . . . This is not the government seeking more time

requests review of Judge Sharbaugh's decision that the indictment was valid and his acceptance of it.

This Court need not address the defendant's challenge to the original indictment or Judge Sharbaugh's findings under 5.1(d) and 18 U.S.C. § 3060(c) to deny the defendant's emergency motion. With the return of the superseding indictment, the motion is now moot.

On January 6, 2026, following the return of the superseding indictment, the Court ordered the defendant to show cause why his emergency motion should not be denied as moot. *See* Min. Order (Jan. 6, 2026). In response to that order, the defendant took the position that the remedy of discharge remained available under § 3060(d) even after an indictment had been returned. *See* ECF No. 41 (Def.'s Show Cause Resp.). The defendant cited a string of decisions from federal courts around the country, which he represented "confirm only that defendants cannot seek dismissal as the remedy in situations like this." *Id.* at 6–7. According to the defendant, these authorities "do not hold" that a subsequent indictment moots the remedy of release under § 3060(d). *Id.* at 7. The government disagrees with the defendant's reading of the law on which he relies.

In *United States v. Williams*, for example, the Second Circuit explicitly considered the defendant's claim that he did not waive his right to a Rule 5.1 preliminary hearing and thus was entitled to release under § 3060(d) when such a hearing did not take place within 14 days. 526 F. App'x 29, 35–36 (2d Cir. 2013); *see* Def.'s Show Cause Resp. at 7 (citing *Williams*). The *Williams* court explained:

---

simply so that it can pursue an indictment, it's done so. . . . And so, again, if the Court concludes that that indictment should be accepted, then there would be no basis to move forward with the preliminary hearing. And if the Court concludes that the indictment should not be accepted, then the Court would promptly and expeditiously convene a preliminary hearing, but I think the interests of justice are best served by the Court making a determination on that threshold issue before it convenes a preliminary hearing in this case." Rough Hr'g Tr. (Dec. 30, 2025) at 6–7.

> Even assuming, as Williams claims, that he did not waive his right to a preliminary hearing under Federal Rule of Criminal Procedure 5.1, ***his claim was mooted by the grand jury's indictment***. Pursuant to Rule 5.1(c), a preliminary hearing must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody." A failure to timely hold such a preliminary hearing requires that a defendant be released "without prejudice ... to the institution of further criminal proceedings against him upon the charge upon which he was arrested." *See* 18 U.S.C. § 3060(d). Even if Rule 5.1 was violated, further criminal proceedings based on the charge for which he was arrested were instituted against him. Moreover, Rule 5.1(a) states that a preliminary hearing is not required if "the defendant is indicted." ***As a result of being indicted, any claim that Williams might have had for release pending further criminal proceedings was rendered moot.***

526 F. App'x at 35–36 (emphases added). Similarly, in *United States v. Smith*, the Fourth Circuit made clear that "[o]nce the grand jury returned an indictment against Smith, his right to discharge pursuant to § 3060 ceased." 22 F. App'x 137, 138 (4th Cir. 2001); *see* Def.'s Show Cause Resp. at 7 (citing *Smith*). And in *United States v. Aranda-Hernandez*, the Tenth Circuit explained that the discharge remedy in § 3060(d) "extends only to defendants who remain in custody ***without being properly charged***." 95 F.3d 977, 979 (10th Cir. 1996) (emphasis added); *see* Def.'s Show Cause Resp. at 5 (citing *Aranda-Hernandez*). As one court later put it, "[t]he Tenth Circuit's reasoning appears to have been adopted by all of the courts which have subsequently considered the issue." *United States v. Vaughn*, 492 F.Supp.3d 336, 344–45 (D.N.J. 2020) (citing *Smith* and *Williams*, among others, to deny "requested 18 U.S.C. § 3060(d) remedy of dismissal and discharge" where indictment returned after improperly granted extension of preliminary hearing); *see also United States v. Rogers*, 455 F.2d 407, 412 (5th Cir. 1972) (remedy of discharge based on delayed preliminary hearing "went only to [defendant's] detention prior to indictment. Once indicted, the government was entitled to hold him under the indictment. . ."); *United States v. Villanueva*, Nos. 07-M-24, 07-CR-149, 2007 WL 1813922,

3

at *1 (E.D. Wis. June 21, 2007) (where preliminary hearing not timely held, "the defendant's subsequent indictment moots a motion for release under 18 U.S.C. § 3060(d)").

It is unclear to the government why the defendant seeks to cast the foregoing authorities as inapposite to the post-indictment availability of discharge under § 3060(d), given that many of the cases directly address the issue and resolve it in the government's favor. In any event, as the court in *Vaughn* observed, "[t]he case law is virtually unanimous that an indictment, even if belated, cures a defect in the preliminary hearing process." 492 F.Supp.3d at 343. Here, as noted, there was no defect considering the validity of the original indictment and Judge Sharbaugh's December 30 findings. But even if this Court were to assume that the defendant's positions on those matters have merit, it should apply the apparently unanimous view of federal courts who have addressed similar circumstances and deny the emergency motion as moot.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Charles R. Jones*
CHARLES R. JONES (D.C. Bar No. 1035541)
JOCELYN BALLANTINE (CA Bar No. 208267)
Assistant United States Attorneys
National Security Section
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-6976
Charles.Jones3@usdoj.gov
Tel: (202) 252-7252
Jocelyn.Ballantine2@usdoj.gov