IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:26-cr-00001 |
| ) | |
| BRIAN COLE, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
RESPONSE TO COURT ORDER TO SHOW CAUSE**

Defendant Brian Cole Jr. respectfully submits this reply in support of his memorandum submitted in response to the Court's January 6, 2026, order requiring Defendant to show cause whether his Emergency Motion for Review of Magistrate's Order (Dkt. 33) is moot.

The government says courts across the country share a "unanimous view" of two things: (1) whether an indictment must be dismissed when a preliminary hearing isn't held within the time set by 18 U.S.C. §3060(b)-(c), and (2) whether a defendant is still entitled to a preliminary hearing if the government satisfies 18 U.S.C. § 3060(e). The "unanimous view" on both of those questions is "no." And Mr. Cole takes no issue with this, because he seeks neither of those remedies here.

For Article III standing, the Court asks a single, practical question: Can the Court still afford "any effectual relief whatever" to the party who prevailed on the law. That answer is "yes" here: release. That's what Mr. Cole is entitled to under federal law.

1

Mr. Cole's emergency motion doesn't ask the Court to opine on some "abstract propositions" or to "declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). It asks for the Court to "discharge[ Mr. Cole] from custody." 18 U.S.C. § 3060(d). And it asks for that relief because the government violated a federal statute. The Court can and should decide whether the government did just that. If it decides that the government violated the law, Mr. Cole should be released.

The government's opposition stands for one thing only: that Mr. Cole is no longer entitled to a preliminary hearing under Fed. R. Crim. P. 5.1. That's true (and moot). But it's also not what Mr. Cole argued. His emergency motion seeks release because the government failed to follow the law, and it does not get to detain Mr. Cole now because the Magistrate Judge failed to properly release him on December 30.

Each case cited in the government's brief speaks to the need for a preliminary hearing *going forward*, not to the separate, already-triggered custody remedy that Congress prescribed when the deadline is *missed*, like here. Cases like *Williams* and *Smith* tersely conclude that an indictment eliminates the preliminary-hearing entitlement once an indictment is returned. They do not engage § 3060(d)'s text, which commands discharge once the period "fixed . . . in compliance with" §§ 3060(b)–(c) expires. Nor do they grapple with § 3060(e)'s sequencing: the safe harbor applies only if an indictment is returned "prior to the date fixed for the preliminary examination." Reading those decisions to erase an accrued statutory remedy conflicts with the statute's structure and with Article III's effectual-relief standard.

Section 3060(d) does not condition discharge on the defendant remaining unindicted at the moment the court orders relief. But the government's response assumes it does. The statute conditions discharge on what happened *by the deadline*. Once the period lapsed on December 30 without a valid federal indictment or a preliminary hearing, its "shall be discharged" mandate attached. Full stop.

Mr. Cole's injury is ongoing because he remains detained. Ordering his release would remedy that continuing harm. And, to be sure, § 3060(d) itself preserves the prosecution "without prejudice," confirming that Congress anticipated precisely this posture: <u>enforce the custody sanction</u> against the government <u>while allowing the case to proceed</u>. 18 U.S.C. § 3060(d); *see e.g., United States v. Montalvo-Murillo*, 495 U.S. 711, 719 (1990) (holding that the word "shall" in Bail Reform Act's detention hearing timeline requirement is "mandatory" but "does not operate to bar all authority to seek pretrial detention once time limit has passed" and does not remove the government's "later powers to act").

In sum, a late indictment cannot rewrite the fact that Mr. Cole should have had a preliminary hearing on December 30. Section 3060(d)'s "discharge" remedy attached then, and the Court can and should give it effect today. Because the Court can still change Mr. Cole's custody status, this dispute is not moot. The Court should order his immediate release under § 3060(d).

The government's argument to the contrary fails to engage the actual text of the statute or its counterpart in 18 U.S.C. § 3142(f)(2)(B). Had the Court properly discharged Mr. Cole on December 30, 2025, the subsequent January 6 indictment

3

would not entitle the government to hold Mr. Cole in custody. And the government has cited no statute that would allow it to do so. On the contrary, had Mr. Cole been properly released—as he should have been—the government could only seek detention again under § 3142(f)(2)(B) based on "information . . . not known to the [government] at the time of the [prior] hearing" that has a "material bearing" on flight or danger. An indictment charging the same crimes as a complaint does not meet this standard. But, again, the government engages none of this, relying instead on cases that did not raise the arguments here and sought different relief.

The release issue is hardly moot, and the government has refused to engage Mr. Cole's arguments on the merits. This Court should order his release, as section 3060(d) requires.

Respectfully submitted this January 9, 2026.

                **/s/ J. ALEX LITTLE**
                J. Alex Little (Pro Hac Vice)
                Zachary C. Lawson (Pro Hac Vice)
                John R. Glover (Pro Hac Vice)

                **LITSON PLLC**
                54 Music Square East, Suite 300
                Nashville, TN 37203
                Telephone: 615-985-8205
                alex@litson.co

>　　　　　　　　　　　**/s/ MARIO B. WILLIAMS**
>　　　　　　　　　　　Mario B. Williams
>　　　　　　　　　　　Ga. Bar No. 235254 (Pro Hac Vice)
>
>　　　　　　　　　　　**/s/JOHN SHOREMAN**
>　　　　　　　　　　　John M. Shoreman
>　　　　　　　　　　　DC Bar #407626
>
>　　　　　　　　　　　**HUMANITY DIGNITY AND RIGHTS LLC**
>　　　　　　　　　　　Life Time Work - Buckhead - at Phipps Plaza
>　　　　　　　　　　　3480 Peachtree Road, NE, Second (2nd) Floor
>　　　　　　　　　　　Atlanta, Georgia 30326
>　　　　　　　　　　　Tel: 470-257-2485
>　　　　　　　　　　　mwilliams@hdrattorneys.com
>　　　　　　　　　　　jms@mcfaddenshoreman.com
>
>　　　　　　　　　　　*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

　　I hereby certify that I have on this day served a copy of the foregoing pleading upon all attorneys of record via the Court's electronic filing system.

　　Respectfully submitted on this January 9, 2026,

>　　　　　　　　　　　**/s/ALEX LITTLE**
>　　　　　　　　　　　Alex Little (Pro Hac Vice)