APPEAL,CAT B

# U.S. District Court
# District of Columbia (Washington, DC)
# CRIMINAL DOCKET FOR CASE #: __1:26−cr−00001−AHA−1__

Case title: USA v. COLE

Magistrate judge case number: 1:25−mj−00276−MAU

Date Filed: 01/02/2026

Assigned to: Judge Amir H. Ali

**Defendant (1)**

| | | |
|---|---|---|
| **BRIAN J. COLE, JR.** | represented by | **John M. Shoreman** <br> MCFADDEN & SHOREMAN, LLC <br> 1050 Connecticut Avenue, NW <br> Suite 500 <br> Washington, DC 20036 <br> (202) 772−3188 <br> Fax: (202) 204−8610 <br> Email: jms@mcfaddenshoreman.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* |
| | | **Mario Bernard Williams** <br> HDR LLC <br> 5600 Roswell Road <br> Building C <br> Suite 103 <br> Sandy Springs, GA 30342 <br> 404−341−4434 <br> Email: mwilliams@hdrattorneys.com <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* |
| | | **John Ross Glover** <br> LITSON PLLC <br> 54 Music Sqaure East <br> Suite 300 <br> Nashville, TN 37203 <br> 615−985−8205 <br> Email: jr@litson.co <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* |

**Joseph Alex Little , IV**
LITSON PLLC
54 Music Square East
Suite 300
Nashville, TN 37203
615–985–8205
Email: alex@litson.co
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Zachary Carter Lawson**
LITSON PLLC
54 Music Sq. E.
Ste 300
Nashville, TN 37203
865–234–0247
Email: zack@litson.co
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:844(d); PENALTIES – IF DEATH OR INJURY RESULTS; Interstate Transportation of Explosives (1) | |
| 18:844(d); PENALTIES – IF DEATH OR INJURY RESULTS; Interstate Transportation of Explosives (1s) | |
| 18:844(i); PENALTIES – IF DEATH RESULTS; Malicious Attempt to Use Explosives (2) | |
| 18:844(i); PENALTIES – IF DEATH RESULTS; Malicious Attempt to Use Explosives (2s) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in violation of 18:844(d) and 18:844(i) | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Charles Robert Jones**<br>DOJ–USAO<br>601 D Street NW<br>Washington, DC 20530<br>(202) 740–4756<br>Email: charles.jones3@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney*<br><br>**Jocelyn S. Ballantine**<br>U.S, ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA<br>555 4th Street, NW<br>Suite 11–445<br>Washington, DC 20001<br>(202) 252–7252<br>Email: jocelyn.ballantine2@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2025 | 1 | SEALED COMPLAINT as to BRIAN J. COLE, JR (1). (Attachments: # 1 Affidavit In Support) (zmcg) (Main Document 1 replaced on 12/4/2025) (zmcg). (Attachment 1 replaced on 12/4/2025) (zmcg). (Main Document 1 replaced on 12/4/2025) (zmcg). (Main Document 1 replaced on 12/4/2025) (ztnr). (Attachment 1 replaced on 12/4/2025) (ztnr). [1:25–mj–00276–MAU] (Entered: 12/03/2025) |
| 12/03/2025 | 3 | MOTION to Seal Case by USA as to BRIAN J. COLE, JR. (Attachments: # 1 Text of Proposed Order)(zmcg) (Main Document 3 replaced on 12/4/2025) (ztnr). (Attachment 1 replaced on 12/4/2025) (ztnr). [1:25–mj–00276–MAU] (Entered: 12/03/2025) |
| 12/03/2025 | 4 | ORDER granting 3 Motion to Seal Case as to BRIAN J. COLE JR. (1). Signed by Magistrate Judge Moxila A. Upadhyaya on 12/3/2025. (zmcg) (Main Document 4 replaced on 12/4/2025) (ztnr). [1:25–mj–00276–MAU] (Entered: 12/03/2025) |

| | | |
|---|---|---|
| 12/04/2025 | | Case unsealed as to BRIAN J. COLE, JR. (ztnr) [1:25−mj−00276−MAU] (Entered: 12/04/2025) |
| 12/05/2025 | 5 | NOTICE OF ATTORNEY APPEARANCE: John M. Shoreman appearing for BRIAN J. COLE, JR (Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/05/2025 | | Arrest of BRIAN J. COLE, JR in Woodbridge, VA. (znjb) [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/05/2025 | 7 | Arrest Warrant Returned Executed on 12/4/2025 as to BRIAN J. COLE, JR. (znjb) (Main Document 7 replaced on 12/9/2025) (znjb). [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/05/2025 | | ORAL MOTION for Temporary Detention by USA as to BRIAN J. COLE, JR. (znjb) [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/05/2025 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Return on Arrest Warrant/Initial Appearance as to BRIAN J. COLE, JR held on 12/5/2025. The Court advised the Government of its Due Process Obligations under Rule 5(f). Defendant has Retained counsel. Oral Motion by the Government for Temporary Detention (3 & 10 day hold) as to BRIAN J. COLE JR.; heard and granted. Detention Hearing set for 12/15/2025 at 1:30 PM in Courtroom 6− In Person before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Held Without Bond; Court Reporter: FTR− GOLD; FTR Time Frame: CRTM 5: [1:03:45−1:11:55]; Defense Attorney: John Shoreman; US Attorney: Charles Jones; Pretrial Officer: Shania Fennell. (znjb) [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/05/2025 | | MINUTE ORDER as to BRIAN J. COLE, JR.: As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge Moxila A. Upadhyaya on 12/5/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/05/2025) |
| 12/09/2025 | 8 | NOTICE OF ATTORNEY APPEARANCE Charles Robert Jones appearing for USA. (Jones, Charles) [1:25−mj−00276−MAU] (Entered: 12/09/2025) |
| 12/10/2025 | 9 | Consent MOTION to Exclude *Time Under the Speedy Trial Act* by USA as to BRIAN J. COLE, JR. (Jones, Charles) [1:25−mj−00276−MAU] (Entered: 12/10/2025) |
| 12/11/2025 | 10 | Unopposed MOTION for Protective Order *Governing Discovery* by USA as to BRIAN J. COLE, JR. (Jones, Charles) [1:25−mj−00276−MAU] (Entered: 12/11/2025) |
| 12/11/2025 | 11 | ORDER granting 9 Motion to Continue the Detention Hearing and to Exclude Time as to BRIAN J. COLE JR. (1). Detention Hearing continued to 12/30/2025 at 1:00 PM in Courtroom 7− In Person before Magistrate Judge Matthew J. Sharbaugh. Signed by Magistrate Judge Moxila A. Upadhyaya on 12/11/2025. (ztl) [1:25−mj−00276−MAU] (Entered: 12/11/2025) |
| 12/11/2025 | 12 | PROTECTIVE ORDER setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to BRIAN J. COLE, JR. Signed by Magistrate Judge Moxila A. Upadhyaya on 12/11/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/12/2025) |
| 12/17/2025 | 13 | Unopposed MOTION for an Order to Allow In Person Professional Visits by BRIAN J. COLE, JR. (Attachments: # 1 Text of Proposed Order)(Shoreman, John) Modified |

| | | |
|---|---|---|
| | | event type and text on 12/17/2025 (zstd). [1:25−mj−00276−MAU] (Entered: 12/17/2025) |
| 12/17/2025 | 14 | ORDER granting 13 Motion for Order to Allow In Person Professional Visits as to BRIAN J. COLE JR. (1). Signed by Magistrate Judge G. Michael Harvey on 12/17/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/17/2025) |
| 12/21/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice Mario B. Williams Filing fee $ 100, receipt number ADCDC−12149149. Fee Status: Fee Paid. by BRIAN J. COLE, JR. (Attachments: # 1 Declaration, # 2 Exhibit)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/21/2025) |
| 12/23/2025 | 16 | MOTION for Leave to Appear Pro Hac Vice Joseph Alexander Little IV Filing fee $ 100, receipt number ADCDC−12153256. Fee Status: Fee Paid. by BRIAN J. COLE, JR. (Attachments: # 1 Declaration)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/23/2025) |
| 12/23/2025 | | NOTICE OF ERROR as to BRIAN J. COLE, JR regarding 16 MOTION for Leave to Appear Pro Hac Vice Joseph Alexander Little IV Filing fee $ 100, receipt number ADCDC−12153256. Fee Status: Fee Paid.. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCrR 44.1 (c)(2)). Please file certificate as an Errata (zstd) [1:25−mj−00276−MAU] (Entered: 12/24/2025) |
| 12/28/2025 | 17 | MEMORANDUM in Support of Pretrial Detention by USA as to BRIAN J. COLE, JR (Jones, Charles) [1:25−mj−00276−MAU] (Entered: 12/28/2025) |
| 12/28/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice Joseph Alexander Little IV Filing fee $ 100, receipt number ADCDC−12155381. Fee Status: Fee Paid. by BRIAN J. COLE, JR. (Attachments: # 1 Declaration, # 2 Exhibit COGS)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/28/2025) |
| 12/28/2025 | 19 | MOTION for Leave to Appear Pro Hac Vice Zachary Carter Lawson Filing fee $ 100, receipt number ADCDC−12155382. Fee Status: Fee Paid. by BRIAN J. COLE, JR. (Attachments: # 1 Declaration, # 2 Exhibit COGS)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/28/2025) |
| 12/28/2025 | 20 | MOTION for Leave to Appear Pro Hac Vice John Ross Glover Filing fee $ 100, receipt number ADCDC−12155384. Fee Status: Fee Paid. by BRIAN J. COLE, JR. (Attachments: # 1 Declaration, # 2 COGS)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/28/2025) |
| 12/28/2025 | 21 | MOTION to Clarify *Preliminary Hearing to be held on 12/30/25* by BRIAN J. COLE, JR. (Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/28/2025) |
| 12/29/2025 | 22 | MOTION for Release of Brady Materials , MOTION for Discovery by BRIAN J. COLE, JR. (Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/29/2025) |
| 12/29/2025 | | MINUTE ORDER granting 15 Motion for Leave to Appear Pro Hac Vice Mario B. Williams. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions as to BRIAN J. COLE JR. (1). Signed by Magistrate Judge G. Michael Harvey on 12/29/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/29/2025) |
| 12/29/2025 | | MINUTE ORDER granting 18 Motion for Leave to Appear Pro Hac Vice Joseph Alexander Little IV. Counsel should register for e−filing via PACER and file a notice |

| | | |
|---|---|---|
| | | of appearance pursuant to LCrR 44.5(a). Click for instructions as to BRIAN J. COLE, JR. Signed by Magistrate Judge Matthew J. Sharbaugh on 12/29/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/29/2025 | | MINUTE ORDER granting 19 Motion for Leave to Appear Pro Hac Vice Zachary Carter Lawson. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a). Click for instructions as to BRIAN J. COLE, JR. Signed by Magistrate Judge Matthew J. Sharbaugh on 12/29/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/29/2025 | | MINUTE ORDER granting 20 Motion for Leave to Appear Pro Hac Vice John Ross Glover. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a). Click for instructions as to BRIAN J. COLE, JR. Signed by Magistrate Judge Matthew J. Sharbaugh on 12/29/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | 23 | Memorandum in Opposition by BRIAN J. COLE, JR re MOTION for Temporary Detention *and Memorandum in Support [ECF 17]* (Attachments: # 1 Exhibit A)(Shoreman, John) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | 24 | NOTICE OF ATTORNEY APPEARANCE: Mario Bernard Williams appearing for BRIAN J. COLE, JR (Williams, Mario) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to BRIAN J. COLE, JR. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | | ORAL MOTION for Release from Custody by BRIAN J. COLE, JR. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | | Minute Entry for proceedings held before Magistrate Judge Matthew J. Sharbaugh: Detention Hearing as to BRIAN J. COLE, JR held on 12/30/2025. For reasons set forth on the record, Defense 21 Motion to Clarify as to BRIAN J. COLE JR.; heard and denied as moot. Defense 22 Motion for Release of Brady Materials, Motion for Discovery as to BRIAN J. COLE JR.; heard and denied without prejudice. ORAL MOTION by the Government to Commit Defendant to Custody of Attorney General by USA as to BRIAN J. COLE, JR.; heard and taken under advisement. ORAL MOTION for Release from Custody by BRIAN J. COLE, JR.; heard and taken under advisement. Order to be issued. Bond Status of Defendant: Defendant remain Held Without Bond; Court Reporter: FTR− GOLD; FTR Time Frame: CRTM 7: [1:15:00−2:29:31][RECESS: 2:29:32−2:55:19][2:55:20−2:58:06]; Defense Attorney: John Shoreman, Mario Williams, Alex Little & John Glover; US Attorney: Charles Jones & Jocelyn Ballantine; Pretrial Officer: Shania Fennell; Proposed 3rd Party Custodian: Loretta Cole−Donnette− Grandmother. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/30/2025 | | MINUTE ORDER as to BRIAN J. COLE, JR.: As discussed during today's proceedings, the Court was presented yesterday afternoon with a two−count indictment in this case that was returned by a D.C. Superior Court grand jury, rather than a federal court grand jury. The indictment included the same two counts charged in the criminal complaint, namely 18 U.S.C. 844(d) and 844(i). In asking the Court to accept the indictment, the government invoked D.C. Code § 11−1916(a), which provides that "[a] grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts." The Court recognizes that Chief Judge |

| | | |
|---|---|---|
| | | Boasberg recently upheld the propriety of this approach based on that statute, concluding that Section 11−1916(a) authorizes local D.C. grand juries to return indictments in U.S. District Court (and vice versa). United States v. Stewart, 2025 WL 3237833 (Nov. 20, 2025). But Judge Boasberg then stayed that ruling pending appeal, stating in part that "the public interest lies in letting the Court of Appeals decide this issue before the Government moves forward both on this case and in similar fashion on other cases." See Stewart, No. 25−mj−225, Order (Dec. 9, 2025). The Court yesterday deferred a decision on whether to accept the indictment pending further briefing from the parties on the question of whether Judge Boasberg's stay order extends to the circumstances here. The parties were directed to submit briefing on that question, and the Court intends to issue a decision in short order on whether to accept the indictment as proposed. Meanwhile, the Court ORDERS that both sides shall file their respective briefs on the public docket by close of business on December 31, 2025. Either side may request redactions to their briefs the extent they believe it necessary, provided that the filing is accompanied by an appropriate motion to seal. SO ORDERED. Signed by Magistrate Judge Matthew J. Sharbaugh on 12/30/2025. (znjb) [1:25−mj−00276−MAU] (Entered: 12/30/2025) |
| 12/31/2025 | 26 | RESPONSE by BRIAN J. COLE, JR re Accepting Indictment from Superior Court (Shoreman, John)[1:25−mj−00276−MAU] Modified text (zstd). (Entered: 12/31/2025) |
| 12/31/2025 | 43 | MOTION for Immediate Release by BRIAN J. COLE, JR. (See docket entry 26 to view document.) (zstd) (Entered: 01/08/2026) |
| 01/02/2026 | 28 | MEMORANDUM OPINION and ORDER as to BRIAN J. COLE, JR. Signed by Magistrate Judge Matthew J. Sharbaugh on 1/2/2026. (znjb) [1:25−mj−00276−MAU] (Entered: 01/02/2026) |
| 01/02/2026 | | MINUTE ORDER as to BRIAN J. COLE, JR.: The Court has reviewed the parties' submissions on the issue of whether it should accept the indictment returned by a Superior Court grand jury pursuant to D.C. Code § 11−1916(a). As previously noted, Chief Judge Boasberg recently upheld the legality of this approach based on that D.C. Code provision, *see United States v. Stewart*, 2025 WL 3237833 (Nov. 20, 2025), but he then stayed that ruling pending appeal and stated that "the public interest lies in letting the Court of Appeals decide this issue before the Government moves forward both on this case and in similar fashion on other cases." Stewart, No. 25−mj−225, Order (Dec. 9, 2025). In the Court's mind, the salient question presented is whether that stay order applies here under a theory that the government is proceeding "in similar fashion" as in *Stewart*. The government insists it is not, including because it did not previously seek an indictment from a federal court grand jury before turning to the Superior Court grand jury, and because no federal grand jury was in session at the time of the Superior Court grand jury return. The government also represents that it will promptly seek a superseding indictment from a federal grand jury panel as soon as those panels reconvene. In the Court's view, that last representation suffices to ensure the government is not proceeding "in similar fashion" as in *Stewart*, even without deciding whether the other proffered distinctions place this case beyond the *Stewart* stay order. Put another way, the Court finds significant the government's confirmation that it does not intend to use the Superior Court grand jury as an ultimate end−run around a federal grand jury empaneled by this Court. The undersigned will therefore accept the proffered indictment, on the understanding that the government will promptly pursue a superseding indictment from a federal court grand jury when those panels reconvene. The Court will hold a status conference on that front at 3:00 PM on Friday January 9, 2026. SO ORDERED. Signed by Magistrate Judge Matthew J. |

| | | |
|---|---|---|
| | | Sharbaugh on 1/2/2026. (znjb) [1:25–mj–00276–MAU] (Entered: 01/02/2026) |
| 01/02/2026 | 29 | NOTICE OF FILING REDACTED DOCUMENT by USA as to BRIAN J. COLE, JR (Attachments: # 1 Memorandum in Support of Court's Inherent Authority to Accept Grand Jury Indictment Return)(Jones, Charles) [1:25–mj–00276–MAU] (Entered: 01/02/2026) |
| 01/02/2026 | 31 | INDICTMENT as to BRIAN J. COLE, JR (1) count(s) 1, 2. (zmcg) (Entered: 01/02/2026) |
| 01/03/2026 | 33 | Emergency MOTION to Review Magistrate's Order Denying Release by BRIAN J. COLE, JR. (Shoreman, John) Modified text on 1/8/2026 (zstd). (Entered: 01/03/2026) |
| 01/03/2026 | | MINUTE ORDER as to BRIAN J. COLE, JR. The court is in receipt of Defendant's 33 emergency motion for review of magistrate's order denying release pursuant to 18 U.S.C. § 3060(d). The government shall file any response by January 5, 2026, at 6:00 p.m. Signed by Judge Amir H. Ali on 1/3/2026. (lcaha1) Modified on 1/5/2026. (zalh) (Entered: 01/03/2026) |
| 01/05/2026 | 34 | NOTICE OF ATTORNEY APPEARANCE: John Ross Glover appearing for BRIAN J. COLE, JR (Glover, John) (Entered: 01/05/2026) |
| 01/05/2026 | 35 | NOTICE OF ATTORNEY APPEARANCE: Zachary Carter Lawson appearing for BRIAN J. COLE, JR (Lawson, Zachary) (Entered: 01/05/2026) |
| 01/05/2026 | 36 | NOTICE OF ATTORNEY APPEARANCE: Joseph Alex Little, IV appearing for BRIAN J. COLE, JR (Little, Joseph) (Entered: 01/05/2026) |
| 01/05/2026 | 37 | RESPONSE by USA as to BRIAN J. COLE, JR re 33 Emergency MOTION to Review Magistrate's Order Denying Release (Jones, Charles) Modified text on 1/8/2026 (zstd). (Entered: 01/05/2026) |
| 01/06/2026 | 38 | REPLY TO OPPOSITION to Motion by BRIAN J. COLE, JR re 33 Emergency MOTION to Review Magistrate's Order Denying Release (Little, Joseph) Modified text on 1/8/2026 (zstd). (Entered: 01/06/2026) |
| 01/06/2026 | 39 | SUPERSEDING INDICTMENT as to BRIAN J. COLE, JR (1) count(s) 1s, 2s. (zmcg) (Main Document 39 replaced on 1/6/2026) (zmcg). (Main Document 39 replaced on 1/6/2026) (zmcg). (Main Document 39 replaced on 1/6/2026) (zmcg). (Entered: 01/06/2026) |
| 01/06/2026 | | MINUTE ORDER as to BRIAN J. COLE, JR. The court is in receipt of the 39 superseding indictment. In light of the superseding indictment, Defendant shall show cause by January 7, 2026, why his 33 emergency motion for review of magistrate's order denying release pursuant to 18 U.S.C. § 3060(d) should not be denied as moot. Signed by Judge Amir H. Ali on 1/6/2026. (lcaha1) Modified on 1/9/2026. (zalh) (Entered: 01/06/2026) |
| 01/07/2026 | | NOTICE OF HEARING as to BRIAN J. COLE, JR: Arraignment set for 1/9/2026 at 3:00 PM in Courtroom 7– In Person before Magistrate Judge Matthew J. Sharbaugh. (znjb) (Entered: 01/07/2026) |
| 01/07/2026 | 41 | RESPONSE TO ORDER OF THE COURT by BRIAN J. COLE, JR re Order, *To Show Cause Why His Emergency Motion for Review of Magistrates Order (Dkt. 33) Should Not Be Denied As Moot* (Little, Joseph) (Entered: 01/07/2026) |
| 01/08/2026 | | |

|  |  | MINUTE ORDER as to BRIAN J. COLE, JR. The court is in receipt of Defendant's 41 response to the court's order to show cause why Defendant's 33 emergency motion for review of magistrate's order denying release pursuant to 18 U.S.C. § 3060(d) should not be denied as moot. The government shall file any response to Defendant's arguments by January 9, 2026. Signed by Judge Amir H. Ali on 1/8/2026. (lcaha1) (Entered: 01/08/2026) |
|---|---|---|
| 01/09/2026 | 44 | RESPONSE by USA as to BRIAN J. COLE, JR re 33 Emergency MOTION to Review *Magistrate's Acceptance of Indictment in Support of Denying Emergency Motion as Moot* (Jones, Charles) (Entered: 01/09/2026) |
| 01/09/2026 | 47 | REPLY in Support by BRIAN J. COLE, JR re 41 RESPONSE TO ORDER OF THE COURT (Little, Joseph) Modified to add link on 1/12/2026 (zstd). (Entered: 01/09/2026) |
| 01/09/2026 |  | ORAL MOTION for Speedy Trial by USA as to BRIAN J. COLE, JR. (zltp) (Entered: 01/12/2026) |
| 01/09/2026 |  | Minute Entry for proceedings held before Magistrate Judge Matthew J. Sharbaugh: Arraignment as to BRIAN J. COLE JR. (1) as to Count 1,1s,2,2s held on 1/9/2026. Plea of Not Guilty entered as to all counts. Oral Motion by the Government for Speedy Trial as to BRIAN J. COLE JR. (1); heard and granted. Speedy Trial Excluded from 1/9/2026 to 1/28/2026 in the Interest of Justice (XT). Status Conference set for 1/28/2026 at 3:30 PM in Courtroom 19– In Person before Judge Amir H. Ali. Bond Status of Defendant: Defendant committed/Commitment issued; Court Reporter: FTR Gold; FTR Time Frame: CTRM 7: [3:06:12 – 3:12:06]; Defense Attorney: John Shoreman & John Glover; US Attorney: Jocelyn Ballatine. (zltp) (Entered: 01/12/2026) |
| 01/16/2026 | 48 | MOTION to Revoke *Order Denying Pretrial Release [ECF28]* by BRIAN J. COLE, JR. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Shoreman, John) (Entered: 01/16/2026) |
| 01/16/2026 | 49 | ORDER. Defendant's 33 emergency motion to review magistrate judge's order denying release is denied. See document for details. Signed by Judge Amir H. Ali on 1/16/2026. (lcaha1) (Entered: 01/16/2026) |
| 01/20/2026 |  | MINUTE ORDER as to BRIAN J. COLE, JR. The court is in receipt of Defendant's 48 motion to revoke order denying pretrial release. The government shall file its response by January 23, 2026. Defendant shall file any reply by January 27, 2026, at 2:00 p.m. Signed by Judge Amir H. Ali on 1/20/2026. (lcaha1) (Entered: 01/20/2026) |
| 01/23/2026 | 50 | RESPONSE by USA as to BRIAN J. COLE, JR re 48 MOTION to Revoke *Order Denying Pretrial Release [ECF28]* (Jones, Charles) (Entered: 01/23/2026) |
| 01/26/2026 |  | MINUTE ORDER as to BRIAN J. COLE, JR. Following the status conference set for January 28, 2026, the court will hear oral argument on Defendant's 48 motion to revoke order denying pretrial release [ECF 28]. Signed by Judge Amir H. Ali on 1/26/2026. (lcaha1) (Entered: 01/26/2026) |
| 01/27/2026 | 51 | REPLY in Support by BRIAN J. COLE, JR re 48 MOTION to Revoke *Order Denying Pretrial Release [ECF28]* (Little, Joseph) (Entered: 01/27/2026) |
| 01/27/2026 | 52 | NOTICE *of Filing of Exhibits* by BRIAN J. COLE, JR re 51 Reply in Support (Attachments: # 1 Exhibit Dr. Black Letter, # 2 Exhibit Delicia Declaration, # 3 Exhibit Brittany Declaration)(Little, Joseph) (Entered: 01/27/2026) |

| | | |
|---|---|---|
| 01/28/2026 | | Minute Entry for proceedings held before Judge Amir H. Ali: Bond Review Hearing as to BRIAN J. COLE JR. held on 1/28/2026. Government's oral request for a 30 day continuance; heard and granted. Speedy Trial Excludable (XT) started 1/28/2026 until 2/27/2026, in the interest of justice. Status Conference set for 2/27/2026 at 10:30 AM in Courtroom 19– In Person before Judge Amir H. Ali. Defendant's 48 Motion to Revoke Order Denying Pretrial Release [ECF 28] is heard and taken under advisement. Order forthcoming via Chambers. Bond Status of Defendant: remains Committed/Commitment Issued; Court Reporter: Sonja Reeves; Defense Attorneys: John M. Shoreman, Mario Bernard Williams, Joseph Alex Little IV, and Zachary Carter Lawson; US Attorneys: Charles Robert Jones and Jocelyn S. Ballantine. (zalh) (Entered: 01/29/2026) |
| 01/29/2026 | | MINUTE ORDER as to BRIAN J. COLE, JR. At the court's January 28, 2026, hearing, the court heard the parties' evidence and arguments on Defendant's 48 motion to revoke order denying pretrial release and took them under advisement. Defendant's motion to revoke is denied.<br><br>The court has independently considered the factors under 18 U.S.C. § 3142(g), as well as all the evidence and arguments presented by the parties, and agrees with the careful analysis and conclusions in Judge Sharbaugh's 28 memorandum opinion and order. Having considered the additional declarations and arguments submitted to this court in the first instance, the court concludes that they are insufficient to overcome the government's showing that pretrial detention is appropriate under the relevant factors. Accordingly, considering the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community posed by release, the court concludes the government has satisfied its burden of persuasion to show clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community. Signed by Judge Amir H. Ali on 1/29/2026. (lcaha1) (Entered: 01/29/2026) |
| 02/02/2026 | 53 | TRANSCRIPT OF BOND REVIEW HEARING in case as to BRIAN J. COLE, JR before Judge Amir H. Ali held on January 28, 2026; Page Numbers: 1–70. Court Reporter Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/23/2026. Redacted Transcript Deadline set for 3/5/2026. Release of Transcript Restriction set for 5/3/2026.(Reeves, Sonja) (Entered: 02/02/2026) |

| 02/03/2026 | 54 | NOTICE OF APPEAL (Interlocutory) by BRIAN J. COLE, JR re Order on Motion to Revoke,,,,, 49 Order on Motion for Review. Filing fee $ 605, receipt number ADCDC−12221425. Fee Status: Fee Paid. (Little, Joseph) (Entered: 02/03/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIAN COLE, JR., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:26-cr-00001 |

## **DEFENDANT BRIAN COLE JR'S NOTICE OF APPEAL**

Notice is hereby given that Defendant Brian Cole, Jr. appeals to the United States Court of Appeals for the District of Columbia from the (1) District Court's Order entered on January 16, 2026, denying him release under 18 U.S.C. § 3060 (Dkt. 49) and (2) the District Court's Minute Order entered on January 29, 2026, detaining him pending trial under to 18 U.S.C. § 3142.

This appeal is taken pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3(c)(4), 4(b), and 9(a). The Clerk is respectfully requested to promptly transmit the record as necessary for expedited review.

Date: February 3, 2026          Respectfully submitted,

**/s/ J. ALEX LITTLE**
J. Alex Little (Pro Hac Vice)
Zachary C. Lawson (Pro Hac Vice)
John R. Glover (Pro Hac Vice)

**LITSON PLLC**
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205

1

alex@litson.co
zack@litson.co
jr@litson.co

**s/ MARIO B. WILLIAMS**
Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)

**/s/JOHN SHOREMAN**
John M. Shoreman
DC Bar #407626

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing pleading upon all attorneys of record via the Court's electronic filing system.

Respectfully submitted on this February 3, 2026,

**/s/ALEX LITTLE**
Alex Little (Pro Hac Vice)

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

BRIAN J. COLE, JR.,

*Defendant*.

Criminal Action No. 26-00001 (AHA)

**Order**

Defendant Brian J. Cole, Jr. has been charged with interstate transportation of explosives, in violation of 18 U.S.C. § 844(d), and malicious attempt to use explosives, in violation of 18 U.S.C. § 844(i). ECF No. 39. Cole, who has been held in custody since his arrest, previously argued he must be released from custody because the government failed to show his release would pose a risk to community safety and because the court did not timely hold a preliminary hearing following his initial appearance. *See* ECF No. 23; ECF No. 26. A magistrate judge rejected both arguments, and Cole now moves for review of the second one. *See* ECF No. 28; Minute Order (Jan. 2, 2026); ECF No. 33. The court disagrees with Cole; he is not entitled to release based on the lack of a preliminary hearing.

The law requires a court to hold a preliminary hearing for a defendant in custody no later than 14 days after the defendant's initial appearance, unless (1) the defendant waives the hearing, (2) the defendant agrees to continue the hearing to a later date, or (3) the court finds "extraordinary circumstances exist and justice requires" delaying the hearing. *See* 18 U.S.C. § 3060(b), (c); Fed. R. Crim. P. 5.1 (a), (c), (d). If a court simply fails to hold a preliminary hearing within 14 days without waiver, an agreed continuance, or making the appropriate finding, then the defendant has

to be released without prejudice to instituting further criminal proceedings. 18 U.S.C. § 3060(d). Where a court has fixed a preliminary hearing date (within the 14-day period or pursuant to an appropriate continuance or warranted delay) but the government returns an indictment before that hearing happens, the hearing is obviated and no discharge is appropriate based on the lack of a hearing. *Id*. § 3060(e); *see also* Fed. R. Crim. P. 5.1(a) (recognizing exceptions to the preliminary hearing requirement, including where the defendant waives the hearing or is indicted).

Cole's initial appearance was on December 5, 2025, and therefore, absent an exception, he was entitled to a preliminary hearing by December 19. As Cole appears to acknowledge, however, he waived—or, at a minimum, agreed to continue the hearing to a date past—that deadline. At Cole's initial appearance, the magistrate judge informed him of his right to a preliminary hearing and instructed: "if you wish to invoke your right to a preliminary hearing, please let your attorney know." Hr'g Recording at 1:08:25–1:08:45 (Dec. 5, 2025). The parties asked the magistrate judge to set a detention hearing for December 15, and neither party asked to set a preliminary hearing. *Id.* at 1:10:00–1:10:41. Cole later asked the magistrate judge to continue the detention hearing, and the parties jointly proposed December 30. ECF No. 9 at 1–2. The continuance motion, again, did not mention any preliminary hearing. Cole concedes that, on this record, he was not entitled to a preliminary hearing within 14 days—in other words, he concedes that he waived, or at least agreed to continue any preliminary hearing beyond, the presumptive statutory deadline. *See* ECF No. 21 at 3; ECF No. 26 at 4; ECF No. 41 at 3.

Cole instead argues he must be released from custody because the magistrate judge did not hold a preliminary hearing by December 30, 2025—the date he and the government had proposed for a detention hearing. ECF No. 33; ECF No. 41 at 3. That is unpersuasive. First, the magistrate judge did not hold a preliminary hearing by December 30 because of defense counsels' own

2

15

litigation conduct. As described, Cole admits he agreed to at least a continuance of a preliminary hearing. Despite requesting a detention hearing and later asking to continue it to December 30, Cole did not seek a preliminary hearing in either request. Only two days before the detention hearing did Cole first mention a preliminary hearing, asserting to the magistrate judge that he "has not waived his right to a preliminary hearing." ECF No. 21 at 1. While counsel framed this as an effort to "confirm that the hearing already set for Tuesday, December 30, 2025 will proceed as both the Rule 5.1 preliminary hearing and the detention hearing" and stated that Cole "consistently expected it to proceed on December 30," *id*, the fact is that counsel forwent the statutory 14-day deadline for a preliminary hearing and did so without ever setting any fixed date for the hearing. On this record, Cole likely waived his right to a preliminary hearing. *See* 18 U.S.C. § 3060(b) (providing no preliminary hearing is required where "the arrested person waives" it); Fed. R. Crim. P. 5.1(a)(1) (same).

      Second, even assuming Cole properly asserted his right to a preliminary hearing by first raising it 23 days after his initial appearance and in a last-minute request to convert the detention hearing into both a detention hearing and a preliminary hearing, he is not entitled to release because, at the December 30 hearing, the magistrate judge made the requisite finding that extraordinary circumstances and justice justified delaying the hearing. *See* 18 U.S.C. § 3060(c). After Cole told the government of his desire to have a preliminary hearing, the government secured an indictment from a D.C. Superior Court grand jury before December 30. *See* Minute Order (Dec. 30, 2025). Cole then challenged the efficacy of that indictment because it was returned by a D.C. Superior Court grand jury, rather than a grand jury of this court. Given the circumstances, the magistrate judge found extraordinary circumstances and justice warranted continuing any preliminary hearing pending resolution of Cole's arguments about the efficacy of the D.C. Superior

Court indictment. Draft Hr'g Tr. at 7 (Dec. 30, 2025). Insofar as Cole continues to dispute the efficacy of the D.C. Superior Court indictment, the magistrate judge's finding of extraordinary circumstances remains undisturbed.

Third, Cole is not entitled to release based on the lack of a preliminary hearing because he has been indicted. *See* 18 U.S.C. § 3060(e) (stating that a defendant shall not be discharged from custody under § 3060(d) if "an indictment is returned" before "the date fixed" for the preliminary hearing). While Cole challenged the efficacy of his first indictment because it was returned by a D.C. Superior Court grand jury, he has since been indicted by a grand jury convened by this court. *See* ECF No. 39. Courts consistently hold that once a defendant is indicted, there is no right to release under 18 U.S.C. § 3060(d). *See, e.g.*, *United States v. Williams*, 526 F. App'x 29, 36 (2d Cir. 2013) ("As a result of being indicted, any claim that Williams might have had for release pending further criminal proceedings was rendered moot."); *United States v. Smith*, 22 F. App'x 137, 138 (4th Cir. 2001) ("Once the grand jury returned an indictment against Smith, his right to discharge pursuant to § 3060 ceased."). Here, that result follows from the text of § 3060(e), which states that no preliminary hearing is required and there shall be no discharge under § 3060(d) if an indictment is returned "prior to the date fixed" for a preliminary hearing. 18 U.S.C. § 3060(e). Cole was indicted by a grand jury of this court before any date fixed for a preliminary hearing, and he is accordingly not eligible for release under § 3060(d).

The court accordingly denies Cole's emergency motion to review magistrate judge's order denying release, ECF No. 33.

AMIR H. ALI
United States District Judge

Date:   January 16, 2026

4