AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 1:26-cr-00001 |
| Brian Cole Jr. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:  Michael Nirenberg, DPM Clinical & Forensic Podiatrist of Friendly Foot Care, PC
50 West 94th Place, Crown Point, IN 46307

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Subpoena Attachment A.

| Place: Litson PLLC<br>54 Music Sq. E., Ste. 300<br>Nashville, TN, 37203 | Date and Time: April 24, 2026 at 9:00 am CST |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date:  _____

                                                            *CLERK OF COURT*

                                             _____
                                                      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Brian Cole Jr. _____ , who requests this subpoena, are:

John R. Glover, 54 Music Sq. E., Ste. 300, Nashville, TN, 37203
615-985-8205, jr@litson.co

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:26-cr-00001

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|     ) | |
|    Plaintiff,    ) | |
|     ) | |
| v.    ) | Case No. 1:26-cr-00001 |
|     ) | |
| BRIAN COLE, JR.,    ) | |
|     ) | |
|    Defendant.    ) | |
|     ) | |

## **INSTRUCTIONS**

The following definitions and instructions apply to all of the requested documents below and should be considered as a part of each request.

All documents that are stored in electronic form or electronic format of any kind shall be produced electronically in their original native format, including all metadata or other electronic components of the information relating to or comprising such documents in their entirety, including all information concerning the date(s) the document was created, modified, or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, TIF, or PDF images, unless that is their native form.

These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes, or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer related storage, whether or not you currently have hard copy printouts of the same.

1

You must produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision, regardless of whether you considered the entire document to be relevant to the requests. All pages now stapled or fastened together should be reproduced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

For all documents and things that are responsive to these requests that you do not have in your possession, custody, or control, or otherwise do not intend to produce in response to this subpoena, identify each such document, explain why you do not have the document or thing in your possession, custody, or control, or do not intend to produce it, as the case may be. If any information that is responsive to this subpoena is withheld on a claim that it is privileged or otherwise subject to protection, such claim must be made expressly and be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest this claim.

Whenever information respecting a negotiation, meeting, discussion or communication is called for by these requests and you know of the occurrence of any such negotiation, meeting, discussion or communication but cannot give, either in

2

whole or in part, the specific information called for to the extent requested, please provide the current and most complete information which you can provide on the subject, including your best approximation of all dates, places and geographic locations

## DEFINITIONS

Unless the context clearly requires otherwise, the following definitions shall apply to these requests:

1.    "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, written correspondence, e-mails, text messages , conversations, dialogues, social media communications, records of phone calls, voice messages , discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

2.    "Document" or "documents" as used herein shall mean original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically-stored data, sound recordings, films, photographs, slides, and other physical objects of every kind and description, including but not limited to, all transcripts, letters, notes, memoranda, tapes, records, telegrams, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, sketches, diagrams, graphs, charts, diaries, logs, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, books of account, understandings, minutes of

3

meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, reports, laboratory or engineering notebooks, blueprints, drawings, operator manuals, software manuals, advertising information, consumer letters and complaints, trade journals, magazines, technical manuals, archive records expired or "dead" files electronically stored or recorded files, electronically-stored data such as documents stored on network drives, hard drives, CD, DVD, electronic mail files, both current and deleted, and any other tangible thing of whatever nature. Documents also include any documents in any internet cloud or Dropbox. Documents also include text messages from cell phones or other electronic devices.

3.      "Federal Government" means the United States and any of its departments, agencies, bureaus, offices, components, divisions, sections, units, task forces, field offices, resident agencies, laboratories, or other subdivisions, and any current or former officer, employee, agent, attorney, analyst, examiner, contractor, consultant, or other person acting or purporting to act on behalf of, at the direction of, or in coordination with any such entity, including, without limitation, the United States Department of Justice ("DOJ"); the United States Attorney's Office for the District of Columbia ("USAO"); the Federal Bureau of Investigation ("FBI"), including the Washington Field Office and any resident agency; any Computer Analysis Response Team ("CART"), digital-forensics unit, extraction team, or similar technical or investigative unit acting for or in coordination with DOJ, USAO, or FBI; the Central Intelligence Agency ("CIA"); and the United States Capitol Police ("USCP").

4

4.      "You" or "Your" refers to Michael Nirenberg, DPM Clinical & Forensic Podiatrist of Friendly Foot Care, PC, including Your agents, officers, employees, representatives, and owners.

## DOCUMENTS TO PRODUCE

Please produce the following documents:

1.      All documents and communications concerning any review, analysis, comparison, assessment, or opinion by you or Friendly Foot Care, P.C. regarding Shauni Kerkhoff's (DOB: 11/18/1993) gait, movement, posture, stride, foot mechanics, body mechanics.

2.      All documents and communications concerning any other gait analysis, gait comparison, biomechanical assessment, movement analysis, or similar evaluation performed, prepared, reviewed, or transmitted by you or Friendly Foot Care, P.C. for the federal government in connection with the January 5–6, 2021 pipe-bomb investigation.