**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:26-cr-00001-AHA** |
| | : | |
| **BRIAN J. COLE, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION FOR ORDER TO SHOW CAUSE**
**WHY DEFENSE COUNSEL SHOULD NOT BE HELD IN CONTEMPT**
**FOR VIOLATING PROTECTIVE ORDER**

At the start of the first hearing in this criminal case, the Court admonished the parties as

follows:

> [T]his is a case with some public attention attached to it. I prefer to just say this at the
> outset to avoid any issue. This is not made in response to any particular thing that's
> happened, but let's be clear that this is a court of law. It's not a pressroom. I have
> very little patience for antics from counsel or otherwise. So, you know, my interest
> is first and foremost going to be to ensure a fair process, that will be for the
> government, which is entitled to put its case on, and it will certainly be for Mr. Cole
> as well, whose rights will be respected.

Hr'g Tr. (Jan. 28, 2026) at 3–4.   In service of that sentiment, the government sought a protective

order at the beginning of this case—consented to by the defense and entered by the magistrate court

on December 11, 2025—prohibiting the public dissemination of any discovery materials designated

as "sensitive," "or the information contained therein" (including "unique identifying information"

and "information that may jeopardize witness security") and requiring "prior agreement" by the

government or "permission from the Court" before such material could be included in a public filing.

*See* Protective Order Governing Discovery, ECF 12 at 2–3; *see also* Fed. R. Crim. P. 49.1.

Today, defense counsel filed on the public docket a motion for early return of subpoenas that

violated, in egregious fashion, both the letter of the protective order and the spirit of the Court's

admonition.   The facts and circumstances set forth below indicate strongly that the exclusive

purpose of this public filing, and its flouting of the defense's legal obligations, was to publicly identify, harass, and intimidate potential witnesses in this case.

Yesterday evening, March 31, 2026, at 10:52 p.m., defense counsel emailed government counsel the following: "We intend to file a motion for early return of three subpoenas tomorrow. The subpoenas seek materials from [three identified witnesses]. The requested return date is April 24. Do you oppose the early return of these subpoenas?"  At 9:47 a.m. this morning, government counsel responded: "Please provide the subpoenas for us to review.  Without reviewing the subpoenas, the government opposes both their authorization and early return under Rule 17(c) and related case law.  If you intend to apply *ex parte*, we request that you include the government's opposition as stated."  At 11:20 a.m., defense counsel replied simply, "We will note your opposition."  Defense counsel made no mention of a public filing containing sensitive information.

Approximately one hour later, at 12:37 p.m. today, defense counsel filed on the public docket a motion for early return of subpoenas.  The motion included the names of all three witnesses identified in the email the previous night and then proceeded to publicly accuse one of those witnesses of being the true pipe bomber.  The motion recited in detail (and included quotations) from discovery materials provided by the government and designated "sensitive," describing law enforcement's investigative steps concerning the witness (which resulted in the government ruling the witness out as the perpetrator).  Lest there be any misunderstanding about what the defense was intimating, the filing stated that the defendant "maintains his innocence and preserves [sic] the right to present at trial that [witness's name]—not Mr. Cole—placed the pipe bombs."  The filing then—astonishingly—included the witness's home address, the witness's current and former employer, and the name and employment of the witness's significant other.

It is difficult to fathom a clearer and more seemingly intentional violation of the protective order.  Upon seeing the motion, government counsel immediately called defense counsel and requested that the filing be removed from the public docket and resubmitted under seal, as expressly required by the terms of the protective order.  *See* ECF 12 at ¶ 6.  Defense counsel stated that they believed their motion complied with the protective order and refused to take steps to remove the filing from the public docket.  Defense counsel repeatedly asked government counsel what the next steps would be if the defense did agree to remove the filing from the public docket, extending the phone conversation long enough that government counsel eventually told the defense that government counsel would themselves contact the Clerk of the Court to request the filing be taken down.

Unbeknownst to government counsel, the damage was already being done.  Media figures who have for months been claiming that the defendant is a "patsy" for the true pipe bomber—the individual publicly identified by defense counsel in their pleading—had already obtained and posted the filing and exhibits in full on social media.  Only after government counsel contacted the Clerk of the Court by email did defense counsel agree to the removal of the filing from the public docket, which has since occurred.  But that does little to mitigate the harm defense counsel has caused— indeed, within minutes of their filing, the witness's personal lawyers received an email with the subject line "I'm armed and dangerous" that stated, "I'm gonna drive from [address] and shoot your client in [the witness's] corrupt glownigger face."  *See* Ex. A (identifying information redacted).[1]

---

[1] The Court should be aware that the defense's media strategy has been multi-pronged.  A different defense counsel on March 20, 2026, made extrajudicial statements to the media urging the American public to reject the defendant's prosecution given that violent offenders were pardoned, and suggesting repeatedly that the defendant is only being prosecuted because of his race.  *See* FOX 5 Washington DC, *Lawyer for alleged J6 pipe bomber says Trump's pardon*

This was not inadvertence; this was intentional.   The protective order states that the government

> may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, and other materials as set forth below, to defense counsel, pursuant to the defendant's discovery requests. Such materials may be designated as "Sensitive." Sensitive materials shall be plainly marked as "Sensitive" by the United States prior to disclosure.

ECF 12 at ¶4.   Pursuant to the protective order, on February 24, 2026, when the government provided the discovery materials relating to this witness to the defense, the government sent defense counsel a written letter, which is attached as Exhibit B.   Page 2 of the letter stated the following:

> Please note that materials marked **\*SENSITIVE\*** below, including folders containing files and/or individual files, have been designated by the government as "Sensitive materials" pursuant to the Protective Order entered in this case on December 11, 2025. *See* ECF No. 12. Where a folder has been designated as sensitive, all contents of that folder have been designated as sensitive.

Ex. B at 2.   The letter then listed the materials provided to the defense to date, including a category of materials identified as "Person of Interest (POI) Subfiles," which specifically referenced the materials concerning the witness that defense counsel used to prepare their motion.   *Id.* at 8.   The government included in the letter the following disclaimer as to the "Person of Interest (POI) Subfiles" category:

> The POI subfiles disclosed to you and listed below are numbered in alphabetical order based on the person of interest's last name or identifier (which are included in the folder names that have been disclosed to you). All POI subfile materials are designated **\*SENSITIVE\***.

*Id.*

---

*should apply*, available at https://www.fox5dc.com/video/fmc-t8iowwvks9p7s1k0.

4

The government's express designation of these materials as sensitive under paragraph 4 of the protective order meant that defense counsel was *required* to treat those materials pursuant to the procedures set forth in the order.   *See* ECF 12 at ¶ 4.   Paragraph 5 of the protective order dictates: "No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant(s), the legal defense team, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, 'authorized persons')."   *Id.* at ¶ 5.   Paragraph 6 then states, after the header "**Court Filings**," "Absent prior agreement by the parties or permission from the Court, *no party shall disclose* materials designated as Sensitive in any public filing with the Court. Such materials shall be submitted under seal in accordance with Local Criminal Rule 49(f)(6), after filing an accompanying motion for leave to file under seal. Defendant may include in a public document Sensitive information relating solely and directly to the defendant."   *Id.* at ¶ 6 (emphasis added). The protective order then requires that the "parties *shall* make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention."   *Id.* at ¶ 11 (emphasis added).   Defense counsel disregarded every one of these provisions.

Government counsel has rarely encountered as brazen a violation of a protective order as occurred today, nor one so clearly intended to publicly harass and intimidate a witness.   Under these circumstances, the government is unable to identify any reason to conclude that defense counsel's conduct was inadvertent or otherwise done in good faith.   The government respectfully requests that the Court issue an order to show cause why defense counsel should not be held in contempt for so egregiously and dangerously violating the Court's protective order.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Charles R. Jones*
CHARLES R. JONES (D.C. Bar No. 1035541)
JOCELYN BALLANTINE (CA Bar No. 208267)
Assistant United States Attorneys
National Security Section
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-6976
Charles.Jones3@usdoj.gov
Tel: (202) 252-7252
Jocelyn.Ballantine2@usdoj.gov