IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )  Case No. 1:26-cr-1
BRIAN COLE, JR.,            )
                            )
        Defendant.          )
                            )

## **DEFENDANT'S MOTION TO UNSEAL DOC. 58**

Defendant Brian Cole Jr. moves this Court to unseal his Motion for Early Return of Subpoenas, filed on April 1, 2026. (Doc. 58.)[1]

## **BACKGROUND**

1.     On April 1, 2026, Mr. Cole filed a motion for early return of pre-trial subpoenas, pursuant to Federal Rule of Criminal Procedure 17(c)(1). (Doc. 58.)

2.     Immediately after the filing, the government notified Mr. Cole of its position that the names and facts contained within the motion constitute "Sensitive Materials" subject to the discovery protective order.

3.     Mr. Cole's position is that names and facts contained within the motion are not "Sensitive Materials" subject to the Discovery Protective Order (Doc. 12) and, even if they were, they should not be sealed from public view.

4.     Mr. Cole, however, agrees that the service addresses of witnesses listed on the subpoena should be redacted and not publicly listed on the docket. The

---

[1]     Defense counsel will respond separately to the government's motion for a show cause order. (Doc. 59.)

1

addressed were errantly included in the publicly filed attachment and should have been redacted or filed under seal.

5.      The government requested that Mr. Cole withdraw his publicly filed motion and subpoenas and file them under seal. Except for the addresses, Mr. Cole did not agree that the motion should be sealed because the information contained within the motion was not "sensitive" under the Discovery Protective Order and not otherwise subject to sealing. Nonetheless he filed a motion to seal at the government's request. (Doc. 60.)

6.      Shortly after Mr. Cole's counsel spoke with the prosecutors, defense counsel also requested that the Clerk of the Court remove public access to his motion and subpoenas. The Clerk removed public access to these documents.

7.      Mr. Cole now files this motion to unseal because, as explained below, the early return motion does not contain "Sensitive Materials" as defined in the Discovery Protective Order. Nor, even if it did, would the motion satisfy the D.C. Circuit's standard for hiding pleadings from the public.

8.      Defense counsel conferred with the government regarding this motion, which the government opposes.

## ARGUMENT

In the federal courts of the United States, "there is a strong presumption in favor of public access to judicial proceedings" and the records thereof in order to "ensur[e] the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d

661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 315, 317 (D.C. Cir. 1980)). However, "the right of public access . . . is not absolute." *Id*. at 663.

In *United States v. Hubbard*, the D.C. Circuit developed a "six-factor test to balance" the litigants' interests in sealing documents against the presumption of public access:

> [W]hen a court is presented with a motion to seal or unseal, it should weigh: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents[2]; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id*. at 665 (quoting *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also Hubbard*, 650 F.2d at 317–22. After considering these six "*Hubbard* factors," a court may only place or keep judicial records under seal if it "concludes that justice so requires." *Metlife*, 865 F.3d at 666 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)). The D.C. Circuit has likewise held that "[t]his discretion should, of course clearly be informed by this country's strong tradition of access to judicial proceedings." *Hubbard*, 650 F.2d at 317 n.89. Indeed, "[a]ccess to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Id*. at 314–15.

---

[2]    "A district court weighing the second factor should consider the public's previous access *to the sealed information*, not its previous access to the information available in the overall lawsuit." *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021) (emphasis added).

At bottom, "[p]ublic access to judicial records is fundamental to a democratic state and serves the important function[ ] of ensuring the integrity of judicial proceedings." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92 (D.D.C. 2014) (quotations omitted). Indeed, the "strong public interest in the openness of judicial proceedings . . . exists irrespective of whether the proceedings at issue relate to disputes among private litigants." *In re McCormick & Co.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *1 (D.D.C. June 13, 2017) (quotations omitted). Accordingly, "[i]t is not the [party seeking unsealing's] burden to proffer a need for public access; the burden is instead the respondents to demonstrate the absence of a need for public access because the law presumes that the public is entitled to access the contents of judicial proceedings." *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 140–41 (D.D.C. 2012) (citing *Hubbard*, 650 F.2d at 314–15).

And in a democracy like ours, it is a "well-established principle that in cases where the government is a party . . . [t]he appropriateness of making court files accessible is enhanced" even further. *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) (quotation omitted).

In turn, the Supreme Court has recognized that the strong presumption of public records becomes even stronger in the context of criminal cases. "[T]he press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) (citation omitted). This right serves a vital function in our government: "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because

they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002) ("Courts long have recognized that public monitoring of the judicial system fosters the important values of quality, honesty, and respect for our legal system." (internal quotation marks omitted)).

This governing framework favors unsealing here. The motion at issue (Doc. 58) is a judicial record because it was filed to obtain relief from the Court. That fact alone gives rise to a strong presumption of public access. And the presumption is especially strong in this context: this is a criminal case, the government is a party, and the filing concerns pretrial motion practice related to a defendant's request for evidence that could exculpate him. *See Globe Newspaper*, 457 U.S. at 603; *Thomas*, 840 F. Supp. 2d at 4. Public access matters most where the Court is asked to exercise its authority and where the public has a legitimate interest, as it certainly does here, in understanding the basis on which relief is sought and opposed.

Here, the *Hubbard* factors weigh heavily in favor of unsealing:

a. *First*, the need for public access is substantial because the filing concerns Mr. Cole's effort to obtain exculpatory evidence for use in his defense and the Court's resolution of that request.

b. *Second*, much of the subject matter discussed in the motion was already publicly known due to extensive reporting by the press, which reduces any claim that public filing of the facts would newly disclose protected information.

c. *Third*, although the government objects to disclosure, objection alone is not enough; the government must identify a concrete interest that justifies overriding the presumption of access. It cannot do that here where the strong presumption of public records in a criminal case "is enhanced" even further. *Thomas*, 840 F. Supp. 2d at 4. The only conceivable privacy interest implicated here by Doc. 58 was the inclusion of service addresses in the subpoena attachment, and Mr. Cole agrees those addresses should be redacted.

d. *Finally,* the remaining *Hubbard* factors likewise favor unsealing. The motion did not attach discovery materials, publish raw records, or disclose the kind of information typically associated with sealing, such as confidential source information, undercover identities, or similar protected material. Instead, it set out the factual and legal basis (as the Supreme Court required in *Nixon*) required for the Court to evaluate a request for Rule 17(c) relief. That purpose strongly favors public access because the public is entitled to see the basis on which Mr. Cole requests judicial action. Nor has the government shown a specific, non-speculative prejudice that would result from public access to the motion itself.

The Protective Order does not compel a different result. (Doc. 12.) A discovery designation by the government like "Sensitive" does not by itself supply a basis to seal a judicial filing. "It is the court, not the government, that has discretion to seal a judicial record . . . which the public ordinarily has the right to inspect and copy." *In re Guantanamo Bay Detainee Continued Access to Couns.*, 968 F. Supp. 2d 222, 224 (D.D.C. 2013). Once material is presented to the Court as part of a request for judicial

action, the ordinary presumption of public access governs, and any restriction must be justified in a tailored way. That can be accomplished here through redaction of the service addresses. Continued sealing of the motion in full would be broader than necessary and inconsistent with the settled principle that judicial records, particularly in criminal cases, are presumptively open.

And, in any event, Mr. Cole's Motion for Early Return simply does not violate the Discovery Protective Order's terms. That Order restricts the public filing of materials that are properly designated "Sensitive," and Paragraph 4 defines that category by content—not by the government's unilateral decision to blanket stamp multiple folders with thousands of documents. (Doc. 12 at ¶¶ 4, 6.) The Motion for Early Return did not attach discovery, publish raw records, or disclose the kinds of information the Order is designed to protect, such as confidential-source information, undercover identities, medical records, or material that would jeopardize an ongoing investigation (areas explicitly identified in Paragraph 4). It instead set out the factual basis necessary for the Court to evaluate a Rule 17(c) request for relief. Any discrete redaction issue for addresses does not justify sealing the motion as a whole. The Discovery Protective Order contemplates tailored solutions, not blanket secrecy, and it leaves the burden on the government at all times to justify continued protection. *Id*. at ¶¶ 11–12. Because the government has not shown that the motion itself falls within the Order's protected categories, continued sealing cannot be sustained.

Notably, when asked by defense counsel what specifically in the motion was "Sensitive Material," the government could not point to any part of paragraph 4.

When further pressed by defense counsel, the government eventually stated that the motion fell under one specific category from the protective order: "Identifying information, including true names." (Doc. 12 at ¶ 4(c).) Defense counsel read the full sentence back to the government: "Identifying information, including true names and photographs, *regarding government agents who acted in an undercover capacity with respect to this investigation.*" (*Id.*) Contrary to the government's assertion, this provision of the protective order does not apply to the early return motion. Thus, as of the filing of this motion, the government has been unable to explain to defense counsel what aspect of the "Sensitive Material" definition is implicated by the facts discussed in the motion. This is because the definition is not met.

## CONCLUSION

For these reasons, Mr. Cole respectfully requests that the Court grant this motion and unseal Doc. 58.

Date:  April 2, 2026                    Respectfully submitted,

**/s/ J. ALEX LITTLE**
J. Alex Little (TN BPR #29858)
Zachary C. Lawson (TN BPR #036092)
John R. Glover (TN BPR #037772)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
*Counsel for Brian Cole Jr.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

**/s/ J. ALEX LITTLE**

J. Alex Little