# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 26-3009**                          **September Term, 2025**

**1:26-cr-00001-AHA-1**

**Filed On:** April 30, 2026

United States of America,

       Appellee

    v.

Brian Cole, Jr.,

       Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Walker, Childs, and Garcia, Circuit Judges

### J U D G M E N T

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

    **ORDERED AND ADJUDGED** that the district court's January 16, 2026 order denying appellant's motion for release pursuant to 18 U.S.C. § 3060(d) be affirmed.

    At appellant's initial appearance on December 5, 2025, the district court ordered appellant's temporary detention, scheduled a detention hearing for December 15, and advised appellant that if he wished to invoke his right to a preliminary hearing at which probable cause would be determined, he should so inform his attorney. Appellant subsequently consented to a continuance of the December 15 hearing to December 30. On December 28, without having previously invoked his right to a preliminary hearing, appellant asked the court to "confirm" that both a detention hearing and a preliminary hearing would be conducted on December 30. Then, on December 29, the government obtained an indictment of Cole from a D.C. Superior Court grand jury. At the December 30 hearing, the district court determined that the existence of the Superior Court indictment presented extraordinary circumstances warranting a brief continuance of any

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-3009**                                    **September Term, 2025**

preliminary hearing pending a decision on the indictment's validity.  And on January 6, 2026, the government obtained an indictment from a federal court grand jury.

In these circumstances, the district court did not err by denying appellant's motion for release under § 3060(d).  Although the statute generally requires a preliminary hearing within 14 days of the initial appearance if the arrestee is held in custody, a longer period is permitted either with the arrestee's consent or "on a showing that extraordinary circumstances exist and justice requires the delay."  See 18 U.S.C. § 3060(c).  Furthermore, no preliminary hearing is required if an indictment is returned prior to the date set for the hearing.  Id. § 3060(e); see also Fed. R. Crim. P. 5.1(a)(2).  And even when an arrestee is released because a timely preliminary hearing has not been held, the release is without prejudice to institution of further criminal proceedings against him on the same charges.  Id. § 3060(d).

Here, based on the facts set forth above, appellant has not shown that he was at any point entitled to release under § 3060(d).  Even if appellant had been entitled to release, any such entitlement would not have survived the undisputedly valid indictment returned by the federal court grand jury on January 6, 2026.  See United States v. Rogers, 455 F.2d 407, 412 (5th Cir. 1972) ("[W]e think the District Court . . . when Rogers sought it, should have directed that he be released if not promptly given a preliminary hearing. . . . Once indicted, [however,] the Government was entitled to hold him under the indictment . . . ."); United States v. Williams, 526 Fed. App'x 29, 35-36 (2d Cir. 2013) ("[A]s a result of being indicted, any claim that the defendant might have had for release pending further criminal proceedings was rendered moot."); United States v. Smith, 22 Fed. App'x 137, 138 (4th Cir. 2001) (subsequent indictment "obviated the remedy Smith could have obtained from the denial of his preliminary hearing").  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's January 29, 2026 order denying appellant's motion to revoke the January 2, 2026 order denying pretrial release be affirmed.  Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community.  See United States v. Munchel, 991 F.3d 1279, 1282 (D.C. Cir. 2021).  Furthermore, the record does not reflect that the district court failed to adequately consider relevant evidence or arguments offered by appellant in support of release, such that remand would be warranted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 26-3009**                                    **September Term, 2025**

is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk