**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

UNITED STATES OF AMERICA

v.

BRIAN J. COLE, JR.,

*Defendant*.

</td><td>

Criminal Action No. 26-00001 (AHA)

</td></tr>
</table>

**<u>Memorandum Opinion and Order</u>**

The United States charges Brian J. Cole, Jr. with interstate transportation of explosives, malicious attempt to use explosives, attempt to use weapons of mass destruction, and act of terrorism while armed (attempted malicious burning, destruction, or injury of property). ECF No. 64. Cole moves to dismiss all the charges, arguing that the conduct he is accused of falls within the President's January 20, 2025, pardon. ECF No. 56. Because the pardon, by its terms, does not apply to Cole, the court denies his motion.[1]

On January 20, 2025, the President issued a proclamation that commuted the sentences of several named individuals who had been convicted for their participation in the January 6, 2021, riot at the U.S. Capitol and "grant[ed] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331, 8331 (Jan. 29, 2025). The President also directed the Attorney General to "pursue dismissal with prejudice to the government

---

[1]   The government initially charged Cole with two crimes. After Cole filed his motion to dismiss, the government obtained a new indictment that charges Cole with two more crimes. *See* ECF No. 64. The court construes Cole's motion as seeking dismissal of all charges, given that they all arise from the same underlying conduct.

of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *Id.*

According to Cole, the President's pardon applies to him because he is accused of planting two pipe bombs near the Democratic National Committee and Republican National Committee headquarters on January 5, 2021, the day before the Capitol riot. ECF No. 1-1 at 1–2; ECF No. 64. But the pardon does not apply to him.

When the President exercises his pardon power, a court's sole responsibility is to interpret and apply the pardon. *See United States v. Wilson*, No. 23-cr-427-1, 2025 WL 1009047, at *3 (D.D.C. Mar. 13, 2025) (observing that the pardon power "may not be exercised or altered by either Congress or the Judiciary" but that courts "have long exercised their authority to interpret and apply Presidential pardons" (collecting cases) (cleaned up)). Courts use the usual tools of interpretation to determine the meaning of the pardon's language, which controls. *See id.* at *3–4 (recognizing that courts apply "ordinary tools of statutory interpretation" to a pardon and "interpret the pardon according to its plain and ordinary meaning"); *United States v. Wilson*, No. 25-3041, 2025 WL 999985, at *2 (D.C. Cir. Apr. 2, 2025) (explaining that the court's interpretation of the pardon at issue in this case "hinges on the text of the pardon").

The pardon says that it applies to "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." 90 Fed. Reg. at 8331. Even assuming that the conduct Cole is charged with is "related to events that occurred at or near the United States Capitol on January 6, 2021," the pardon is expressly limited to people who had been "convicted of offenses" related to those events. Cole had not been convicted of the conduct at issue when the President issued the pardon; indeed, he was not charged until many months after the President's proclamation. *See* ECF No. 1.

Cole does not try to explain how a pardon for "individuals convicted of offenses" applies to him, and he shifts to a new theory in his reply brief: that the President's directive to the Attorney General to "pursue dismissal with prejudice to the government of all pending indictments" requires the Attorney General to dismiss the charges against him. 90 Fed. Reg. at 8331; *see* ECF No. 71. But this argument does not work either. Cole was first charged in December 2025—months after the President's proclamation. *See* ECF No. 1. He therefore did not have "pending indictments" at the time of the President's directive.

For these reasons, the court denies Cole's motion to dismiss, ECF No. 56.

_____

AMIR H. ALI
United States District Judge

Date:   July 6, 2026

3