IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN COLE, JR.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:26-cr-1<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT BRIAN COLE JR'S MOTION FOR EARLY RETURN OF SUBPOENAS**

Defendant Brian Cole, by and through undersigned counsel, and pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure, states as follows:

### BACKGROUND

Shauni Kerkhoff was named as a person of interest in the January 5–6, 2021 pipe bomb investigation. Ms. Kerkhoff was a U.S. Capitol Police Officer on January 6, 2021, and was present at the Capitol on that date. Ms. Kerkhoff now works for the Central Intelligence Agency (CIA). According to discovery produced by the government in this case, the FBI began investigating, questioning, and covertly surveilling Ms. Kerkhoff during the time it began investigating Mr. Cole.

On November 6, 2025, Ms. Kerkhoff was interviewed by the FBI and took a polygraph examination. She was asked two relevant questions: (1) "Did you place those pipe bombs?" and (2) "Did you place those pipe bombs that evening?" Ms. Kerkhoff failed the polygraph. The FBI polygraph examiner noted Kerkhoff's "very controlled reaction to the news of her failing the polygraph and seemingly

1

rehearsed responses to examiner's questions."

On November 7, 2025, five days before the FBI opened a file on Mr. Cole, the FBI named Ms. Kerkhoff as a person of interest in the pipe bomb investigation and opened a file on her. The government immediately issued subpoenas and preservation requests for numerous electronic accounts associated with Ms. Kerkhoff. On November 12, 2025, the same day the government officially opened its investigation into Mr. Cole, FBI agents attempted to question Ms. Kerkhoff and Mr. Dickert at her residence. The next day, the FBI interviewed Ms. Kerkhoff's dog walker. The following day, Ms. Kerkhoff and her boyfriend, Daniel Dickert, also a Capitol Police Officer, were interviewed together by the FBI and AUSA Ballantine. Throughout November 2025, the FBI interviewed Ms. Kerkhoff's co-workers at the Capitol Police, her neighbors, surveilled her without her knowledge, requested her employment records from the CIA, and sent surveillance footage of her walking to a podiatrist, likely for a gait analysis.

Mr. Cole was arrested on December 5, 2025. The FBI closed the surveillance lead on Ms. Kerkhoff on January 7, 2026.

Mr. Cole requests the issuance and early return of three subpoenas relevant to Ms. Kerkhoff:

1.    A subpoena to Ms. Kerkhoff for: (a) the video of Ms. Kerkhoff's dog taken at her home, with her voice allegedly in the background, purportedly from the evening of January 5, 2021, shown to FBI agents by her or Mr. Dickert in November 2025, and any other photo, video, or audio created on the same device on January 5, 2021;

(b) the identity of the phones on which the dog video was stored; (c) Ms. Kerkhoff's employment records from the CIA in her possession, her offer letter from the CIA, and her Standard Form 86 Questionnaire that she completed for her job at the CIA; (d) documents provided by Ms. Kerkhoff to the government as part of its pipe-bomb investigation; (e) Ms. Kerkhoff's home camera recordings from January 5–6, 2021; (f) communications between Ms. Kerkhoff and Mr. Dickert from January 5–6, 2021; (g) the identity of the electronic devices used by Ms. Kerkhoff from December 15, 2020 through January 8, 2021; (h) documents reflecting Ms. Kerkhoff's work schedule on January 5, 2021; (i) communications between Ms. Kerkhoff and family members with a ▮▮-area-code telephone number from January 1–8, 2021; (j) communications between Ms. Kerkhoff and the government and Ms. Kerkhoff and Mr. Dickert from November 1, 2025 through present related to her polygraph, the January 5–6 pipe-bomb investigation, and any photo and video purporting alibi for her whereabouts on January 5, 2021; (k) documents and communications about services used to wipe publicly-available information about Ms. Kerkhoff; and (l) the phone number and carrier for any device Ms. Kerkhoff used on January 5–6, 2021 provided by her employer.

2. A subpoena to Daniel Dickert, Ms. Kerkhoff's boyfriend and a U.S. Capitol Police Officer for: (a) the video of Ms. Kerkhoff's dog taken at his home, with her voice allegedly in the background, purportedly from the evening of January 5, 2021, shown to FBI agents by him or Ms. Kerkhoff in November 2025 and any other photo, video, or audio created on the same device on January 5, 2021; (b) the identity

3

of the phones on which the video was stored; (c) Mr. Dickert's home camera recordings from January 5–6, 2021; (d) communications between Mr. Dickert and Ms. Kerkhoff from January 5–6, 2021; (e) communications between Mr. Dickert and the government and Mr. Dickert and Ms. Kerkhoff from November 1, 2025 through present related to her polygraph, the January 5–6 pipe-bomb investigation, and any photo and video purporting alibi for Ms. Kerkhoff's whereabouts on January 5, 2021; (f) documents and communications about services used to wipe publicly-available information about Mr. Dickert; (g) the purchase receipt from January 5, 2021 from Roseina's on Fort Hunt/Shenandoah Road; and (h) the phone number and carrier for any device Mr. Dickert used on January 5–6, 2021 provided by his employer.

3.     A subpoena to Dr. Michael Nirenberg, DPM for: (a) documents and communications concerning any foot gait analysis performed of Ms. Kerkhoff; and (b) documents and communications concerning any other foot gait analysis performed related to the January 5–6, 2021 pipe-bomb investigation.

## LEGAL STANDARD AND ARGUMENT

Federal Rule of Criminal Procedure 17(c)(1) expressly permits early return of document subpoenas, stating that "the court may direct the witness to produce the designated items in court before trial." To grant a pretrial subpoena under Rule 17(c)(1), the court must find that: (1) the documents are evidentiary and relevant; (2) they are not otherwise reasonably procurable before trial through due diligence; (3) the party cannot properly prepare for trial without advance production and inspection, and failure to obtain such inspection may unreasonably delay trial; and

4

(4) the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see also United States v. Trump,* 703 F. Supp. 3d 89, 92 (D.D.C. 2023).

The requested documents satisfy these requirements.

*First*, the requested documents relevant to Ms. Kerkhoff are evidentiary and relevant. The question at issue in this case is whether Mr. Cole constructed and placed the pipe bombs outside the DNC and RNC. The FBI identified Ms. Kerkhoff as a person of interest in its investigation at the same time it was investigating Mr. Cole. The government questioned Ms. Kerkhoff, her boyfriend, others who knew her, issued subpoenas and preservation requests for her electronic accounts, polygraphed her on whether she placed the pipe bombs (which she failed), and surveilled her without her knowledge. Mr. Cole maintains his innocence and preserves the right to present at trial that Ms. Kerkhoff—not Mr. Cole—placed the pipe bombs.

The requested documents, which include Ms. Kerkhoff's purported alibi on the evening of January 5, 2021, her Capitol Police and CIA employment history, her communications and location on January 5, 2021, Mr. Dickert's purported alibi on the evening of January 5, 2021 (the Roseina's receipt), and the foot-gait analyses performed by Dr. Nirenberg of Ms. Kerkhoff and any other FBI persons of interest are all evidentiary and relevant to Mr. Cole's innocence in this case. Without this evidence, Mr. Cole would be unable to evaluate and prepare a defense that Ms. Kerkhoff, not Mr. Cole, placed the pipe bombs.

*Second*, these documents are not otherwise procurable. The only way to obtain

the requested documents is from Ms. Kerkhoff and Mr. Dickert directly through a court-ordered subpoena. Likewise, the only way to obtain the requested foot-gait analysis documents is from Dr. Nirenberg and his podiatry clinic directly through a court-ordered subpoena. Mr. Cole has been unable to locate any of the documents he has requested in discovery provided from the government, and the documents are otherwise not accessible to him.

*Third*, advance production is necessary for trial preparation. Without these documents, Mr. Cole cannot effectively evaluate and prepare a trial defense that he is not guilty, because Ms. Kerkhoff perpetrated the crime. Once Mr. Cole receives the documents he has requested, he will need time to review them and prepare his trial defense accordingly. Once he has reviewed the responsive documents, Mr. Cole will likely need to issue subpoenas to additional parties. He will likely also need to retain a podiatrist expert to interpret the foot-gait analyses performed by Dr. Nirenberg at the direction of the government.

*Finally*, this request is made in good faith, not as a "fishing expedition." The subpoena requests are carefully tailored by recipient, category and timeframe, informed by discovery Mr. Cole received from the government. The requests for communications between Ms. Kerkhoff and Mr. Dickert are narrowly tailored in their timeframe and category to minimize any personal communications unrelated to this case and their alibi. If necessary, Mr. Cole will work in good faith with the subpoena recipients' counsel to further narrow his requests.

For these reasons, Mr. Cole requests that the Court issue the attached

subpoenas directing Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg to produce responsive documents by April 24, 2026.

Undersigned counsel conferred with counsel for the government, who are opposed to this early return motion and the issuance of the three subpoenas.

## CONCLUSION

Mr. Cole requests that the Court issue the attached subpoenas directing Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg to produce responsive documents by April 24, 2026.

Date:  April 1, 2026              Respectfully submitted,

**/s/ J. ALEX LITTLE**
J. Alex Little (Pro Hac Vice)
Zachary C. Lawson (Pro Hac Vice)
John R. Glover (Pro Hac Vice)

**LITSON PLLC**
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co

**/s/ MARIO B. WILLIAMS**
Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)

7

/s/JOHN SHOREMAN

John M. Shoreman

DC Bar #407626

**HUMANITY DIGNITY AND RIGHTS LLC**

Life Time Work - Buckhead - at Phipps Plaza

3480 Peachtree Road, NE, Second (2nd) Floor

Atlanta, Georgia 30326

Tel: 470-257-2485

mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com


*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2026, a true and correct copy of the

foregoing has been served via the Court's CM/ECF system upon all counsel of record.

**/s/ J. ALEX LITTLE**

J. Alex Little (Pro Hac Vice)

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:26-cr-00001 |
| Brian Cole Jr. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:    Daniel Dickert

████████████████████████████

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Subpoena Attachment A.

| Place: Litson PLLC 54 Music Sq. E., Ste. 300 Nashville, TN, 37203 | Date and Time: April 24, 2026 at 9:00 am CST |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Brian Cole Jr.                                                        , who requests this subpoena, are:

John R. Glover, 54 Music Sq. E., Ste. 300, Nashville, TN, 37203
615-985-8205, jr@litson.co

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  1:26-cr-00001

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001 |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INSTRUCTIONS**

The following definitions and instructions apply to all of the requested documents below and should be considered as a part of each request.

All documents that are stored in electronic form or electronic format of any kind shall be produced electronically in their original native format, including all metadata or other electronic components of the information relating to or comprising such documents in their entirety, including all information concerning the date(s) the document was created, modified, or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, TIF, or PDF images, unless that is their native form.

These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes, or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer related storage, whether or not you currently have hard copy printouts of the same.

You must produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision, regardless of whether you considered the entire document to be relevant to the requests. All pages now stapled or fastened together should be reproduced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

For all documents and things that are responsive to these requests that you do not have in your possession, custody, or control, or otherwise do not intend to produce in response to this subpoena, identify each such document, explain why you do not have the document or thing in your possession, custody, or control, or do not intend to produce it, as the case may be. If any information that is responsive to this subpoena is withheld on a claim that it is privileged or otherwise subject to protection, such claim must be made expressly and be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest this claim.

Whenever information respecting a negotiation, meeting, discussion or communication is called for by these requests and you know of the occurrence of any such negotiation, meeting, discussion or communication but cannot give, either in

whole or in part, the specific information called for to the extent requested, please provide the current and most complete information which you can provide on the subject, including your best approximation of all dates, places and geographic locations

## DEFINITIONS

Unless the context clearly requires otherwise, the following definitions shall apply to these requests:

1.    "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, written correspondence, e-mails, text messages , conversations, dialogues, social media communications, records of phone calls, voice messages , discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

2.    "Document" or "documents" as used herein shall mean original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically-stored data, sound recordings, films, photographs, slides, and other physical objects of every kind and description, including but not limited to, all transcripts, letters, notes, memoranda, tapes, records, telegrams, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, sketches, diagrams, graphs, charts, diaries, logs, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, books of account, understandings, minutes of

3

meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, reports, laboratory or engineering notebooks, blueprints, drawings, operator manuals, software manuals, advertising information, consumer letters and complaints, trade journals, magazines, technical manuals, archive records expired or "dead" files electronically stored or recorded files, electronically-stored data such as documents stored on network drives, hard drives, CD, DVD, electronic mail files, both current and deleted, and any other tangible thing of whatever nature. Documents also include any documents in any internet cloud or Dropbox. Documents also include text messages from cell phones or other electronic devices.

3.      "You" or "Your" refers to Daniel Dickert, including Your agents, officers, employees, representatives, and owners.

4.      "Federal Government" means the United States and any of its departments, agencies, bureaus, offices, components, divisions, sections, units, task forces, field offices, resident agencies, laboratories, or other subdivisions, and any current or former officer, employee, agent, attorney, analyst, examiner, contractor, consultant, or other person acting or purporting to act on behalf of, at the direction of, or in coordination with any such entity, including, without limitation, the United States Department of Justice ("DOJ"); the United States Attorney's Office for the District of Columbia ("USAO"); the Federal Bureau of Investigation ("FBI"), including the Washington Field Office and any resident agency; any Computer Analysis Response Team ("CART"), digital-forensics unit, extraction team, or similar technical

4

or investigative unit acting for or in coordination with DOJ, USAO, or FBI; the Central Intelligence Agency ("CIA"); and the United States Capitol Police ("USCP").

5.    The "Kerkhoff Polygraph" means the polygraph examination administered to Shauni Kerkhoff on or about November 6, 2025, in connection with the January 5–6, 2021 pipe-bomb investigation, including all pre-test, in-test, and post-test interviews; all questions asked or proposed; all instructions, advisements, consent forms, and acknowledgment forms; all examiner notes, scoring sheets, charts, reports, recordings, and results; and all communications concerning the examination or its outcome, which examination was assessed by the examiner, as reflected in FBI and/or DOJ records, as a failed examination.

## DOCUMENTS TO PRODUCE

Please produce the following documents:

1.    Any video, photograph, audio recording, or other document depicting your dog (Bella) or containing Shauni Kerkhoff's voice, created on January 5, 2021, including, but not limited to, any video shown or described to the federal government in or about November 2025.

2.    Documents sufficient to identify each device, telephone number, Apple ID, and account on or through which any document responsive to Request No. 1 was created, stored, transferred, synced, backed up, restored, mirrored, or displayed, including the iPhone 7 on which the video was originally recorded and any iPhone 12 or other device on which it was later viewed or shown to the federal government.

5

3.     The videos, photos, or recordings from any interior or exterior camera at the residence shared by you and Shauni Kerkhoff from January 5, 2021 and January 6, 2021, including any camera directed at Bella's crate, the front door, or the exterior of the residence.

4.     The communications between you and Shauni Kerkhoff from January 5, 2021 and January 6, 2021.

5.     The communications between you and the federal government from November 1, 2025 through present concerning the January 5–6, 2021 pipe-bomb investigation, Shauni Kerkhoff, the video described in Request No. 1, the Kerkhoff Polygraph, and any interview of you or Shauni Kerkhoff.

6.     Receipt(s) from any and all purchases made by you on January 5, 2021 from ███████████████████████████████████

7.     All documents and communications (including, but not limited to, invoices and payments) concerning Optery or any other service that you (or anyone on your behalf) used to remove, suppress, or alter public-facing identifying information about you, from January 1, 2020 through December 31, 2021.

8.     Identify the phone number for any device you used on January 5 or 6, 2021 provided to you by your employer and identify the phone network(s) of service.

6

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:26-cr-00001 |
| Brian Cole Jr. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:   Shauni Kerkhoff
████████████████████████████

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Subpoena Attachment A.

| | |
|---|---|
| Place: Litson PLLC<br>54 Music Sq. E., Ste. 300<br>Nashville, TN, 37203 | Date and Time: April 24, 2026 at 9:00 am CST |

     Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date: _____

                                      *CLERK OF COURT*

                                         _____
                                            *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Brian Cole Jr. _____, who requests this subpoena, are:

John R. Glover, 54 Music Sq. E., Ste. 300, Nashville, TN, 37203
615-985-8205, jr@litson.co

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No. 1:26-cr-00001

## PROOF OF SERVICE

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001 |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INSTRUCTIONS**

The following definitions and instructions apply to all of the requested documents below and should be considered as a part of each request.

All documents that are stored in electronic form or electronic format of any kind shall be produced electronically in their original native format, including all metadata or other electronic components of the information relating to or comprising such documents in their entirety, including all information concerning the date(s) the document was created, modified, or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, TIF, or PDF images, unless that is their native form.

These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes, or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer related storage, whether or not you currently have hard copy printouts of the same.

1

You must produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision, regardless of whether you considered the entire document to be relevant to the requests. All pages now stapled or fastened together should be reproduced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

For all documents and things that are responsive to these requests that you do not have in your possession, custody, or control, or otherwise do not intend to produce in response to this subpoena, identify each such document, explain why you do not have the document or thing in your possession, custody, or control, or do not intend to produce it, as the case may be. If any information that is responsive to this subpoena is withheld on a claim that it is privileged or otherwise subject to protection, such claim must be made expressly and be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest this claim.

Whenever information respecting a negotiation, meeting, discussion or communication is called for by these requests and you know of the occurrence of any such negotiation, meeting, discussion or communication but cannot give, either in

whole or in part, the specific information called for to the extent requested, please provide the current and most complete information which you can provide on the subject, including your best approximation of all dates, places and geographic locations

## DEFINITIONS

Unless the context clearly requires otherwise, the following definitions shall apply to these requests:

1. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, written correspondence, e-mails, text messages , conversations, dialogues, social media communications, records of phone calls, voice messages , discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

2. "Document" or "documents" as used herein shall mean original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically-stored data, sound recordings, films, photographs, slides, and other physical objects of every kind and description, including but not limited to, all transcripts, letters, notes, memoranda, tapes, records, telegrams, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, sketches, diagrams, graphs, charts, diaries, logs, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, books of account, understandings, minutes of

3

meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, reports, laboratory or engineering notebooks, blueprints, drawings, operator manuals, software manuals, advertising information, consumer letters and complaints, trade journals, magazines, technical manuals, archive records expired or "dead" files electronically stored or recorded files, electronically-stored data such as documents stored on network drives, hard drives, CD, DVD, electronic mail files, both current and deleted, and any other tangible thing of whatever nature. Documents also include any documents in any internet cloud or Dropbox. Documents also include text messages from cell phones or other electronic devices.

3.      "You" or "Your" refers to Shauni Kerkhoff, including Your agents, officers, employees, representatives, and owners.

4.      "Federal Government" means the United States and any of its departments, agencies, bureaus, offices, components, divisions, sections, units, task forces, field offices, resident agencies, laboratories, or other subdivisions, and any current or former officer, employee, agent, attorney, analyst, examiner, contractor, consultant, or other person acting or purporting to act on behalf of, at the direction of, or in coordination with any such entity, including, without limitation, the United States Department of Justice ("DOJ"); the United States Attorney's Office for the District of Columbia ("USAO"); the Federal Bureau of Investigation ("FBI"), including the Washington Field Office and any resident agency; any Computer Analysis Response Team ("CART"), digital-forensics unit, extraction team, or similar technical

4

or investigative unit acting for or in coordination with DOJ, USAO, or FBI; the Central Intelligence Agency ("CIA"); and the United States Capitol Police ("USCP").

5.      "Your Polygraph" means the polygraph examination administered to You on or about November 6, 2025, in connection with the January 5–6, 2021 pipe-bomb investigation, including all pre-test, in-test, and post-test interviews; all questions asked or proposed; all instructions, advisements, consent forms, and acknowledgment forms; all examiner notes, scoring sheets, charts, reports, recordings, and results; and all communications concerning the examination or its outcome, which examination was assessed by the examiner, as reflected in FBI and/or DOJ records, as a failed examination.

## DOCUMENTS TO PRODUCE

Please produce the following documents:

1.      The native video file that you (or anyone on your behalf) showed the federal government in November 2025 depicting your dog (Bella), together with any photo, video, or audio recording created on the same device on January 5, 2021.

2.      Your employment offer letter from the Central Intelligence Agency, your employment history records, and SF-86 form.

3.      Documents sufficient to identify the make, model, serial number, IMEI, telephone number, Apple ID, current location, and disposition of (a) the iPhone 7 on which the photos and videos referenced in Request 1 were originally recorded, and (b) any iPhone 12 or other device to which that file was later transferred, synced, backed up, restored, mirrored, or shown to the federal government.

4.      Any document, file, export, folder, disc, USB, screenshot, or other item provided by you or on your behalf to the federal government on or about November 6, 2025, November 12, 2025, or November 14, 2025.

5.      The videos, photos, or recordings from each interior and exterior camera at the residence you shared with Daniel Dickert on January 5, 2021, including the camera aimed at Bella's crate, the front-door camera, and any exterior camera, for the period of January 5, 2021 through January 6, 2021.

6.      The communications between you and Daniel Dickert from January 5, 2021 and January 6, 2021.

7.      Documents sufficient to identify every mobile phone, SIM, eSIM, telephone number, Apple ID, email account, cellular account, and Apple Watch used by you from December 15, 2020 through January 8, 2021.

8.      Documents reflecting your work schedule, duty status, shift assignment, overtime, leave, clock-in/clock-out times, location, or any schedule change for January 5, 2021, including calendars, screenshots, emails, texts, payroll records, time records, and notes.

9.      Documents sufficient to identify each ███-area-code telephone number used by you, assigned to you, or identified by you to the federal government as belonging to a family member, during the period January 1 through January 8, 2021, together with all communications involving any such number during that period.

10.     The communications between (a) you and the federal government and (b) you and Daniel Dickert from November 1, 2025 through present concerning your

polygraph, the January 5–6 pipe-bomb investigation, the photos and videos referenced in Request 1, or any asserted alibi video.

11.    All documents and communications (including, but not limited to, invoices and payments) concerning Optery or any other service that you (or anyone on your behalf) used to remove, suppress, or alter public-facing identifying information about you, from January 1, 2020 through December 31, 2021.

12.    Identify the phone number for any device you used on January 5 or 6, 2021 provided to you by your employer and identify the phone network(s) of service.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Brian Cole Jr. | )    Case No. 1:26-cr-00001 |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:  Michael Nirenberg, DPM Clinical & Forensic Podiatrist of Friendly Foot Care, PC

███████████████████████

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Subpoena Attachment A.

| | |
|---|---|
| Place:  Litson PLLC<br>54 Music Sq. E., Ste. 300<br>Nashville, TN, 37203 | Date and Time:  April 24, 2026 at 9:00 am CST |

    Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

    *(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
                    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Brian Cole Jr. _____ , who requests this subpoena, are:

John R. Glover, 54 Music Sq. E., Ste. 300, Nashville, TN, 37203
615-985-8205, jr@litson.co

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.  1:26-cr-00001

## PROOF OF SERVICE

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )     Case No. 1:26-cr-00001
                                     )
BRIAN COLE, JR.,                     )
                                     )
        Defendant.                   )
                                     )

## **INSTRUCTIONS**

The following definitions and instructions apply to all of the requested documents below and should be considered as a part of each request.

All documents that are stored in electronic form or electronic format of any kind shall be produced electronically in their original native format, including all metadata or other electronic components of the information relating to or comprising such documents in their entirety, including all information concerning the date(s) the document was created, modified, or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, TIF, or PDF images, unless that is their native form.

These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes, or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer related storage, whether or not you currently have hard copy printouts of the same.

1

You must produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision, regardless of whether you considered the entire document to be relevant to the requests. All pages now stapled or fastened together should be reproduced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

For all documents and things that are responsive to these requests that you do not have in your possession, custody, or control, or otherwise do not intend to produce in response to this subpoena, identify each such document, explain why you do not have the document or thing in your possession, custody, or control, or do not intend to produce it, as the case may be. If any information that is responsive to this subpoena is withheld on a claim that it is privileged or otherwise subject to protection, such claim must be made expressly and be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest this claim.

Whenever information respecting a negotiation, meeting, discussion or communication is called for by these requests and you know of the occurrence of any such negotiation, meeting, discussion or communication but cannot give, either in

whole or in part, the specific information called for to the extent requested, please provide the current and most complete information which you can provide on the subject, including your best approximation of all dates, places and geographic locations

## DEFINITIONS

Unless the context clearly requires otherwise, the following definitions shall apply to these requests:

1.     "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, written correspondence, e-mails, text messages , conversations, dialogues, social media communications, records of phone calls, voice messages , discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

2.     "Document" or "documents" as used herein shall mean original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically-stored data, sound recordings, films, photographs, slides, and other physical objects of every kind and description, including but not limited to, all transcripts, letters, notes, memoranda, tapes, records, telegrams, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, sketches, diagrams, graphs, charts, diaries, logs, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, books of account, understandings, minutes of

3

meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, reports, laboratory or engineering notebooks, blueprints, drawings, operator manuals, software manuals, advertising information, consumer letters and complaints, trade journals, magazines, technical manuals, archive records expired or "dead" files electronically stored or recorded files, electronically-stored data such as documents stored on network drives, hard drives, CD, DVD, electronic mail files, both current and deleted, and any other tangible thing of whatever nature. Documents also include any documents in any internet cloud or Dropbox. Documents also include text messages from cell phones or other electronic devices.

3.    "Federal Government" means the United States and any of its departments, agencies, bureaus, offices, components, divisions, sections, units, task forces, field offices, resident agencies, laboratories, or other subdivisions, and any current or former officer, employee, agent, attorney, analyst, examiner, contractor, consultant, or other person acting or purporting to act on behalf of, at the direction of, or in coordination with any such entity, including, without limitation, the United States Department of Justice ("DOJ"); the United States Attorney's Office for the District of Columbia ("USAO"); the Federal Bureau of Investigation ("FBI"), including the Washington Field Office and any resident agency; any Computer Analysis Response Team ("CART"), digital-forensics unit, extraction team, or similar technical or investigative unit acting for or in coordination with DOJ, USAO, or FBI; the Central Intelligence Agency ("CIA"); and the United States Capitol Police ("USCP").

4

4.    "You" or "Your" refers to Michael Nirenberg, DPM Clinical & Forensic Podiatrist of Friendly Foot Care, PC, including Your agents, officers, employees, representatives, and owners.

## DOCUMENTS TO PRODUCE

Please produce the following documents:

1.    All documents and communications concerning any review, analysis, comparison, assessment, or opinion by you or Friendly Foot Care, P.C. regarding Shauni Kerkhoff's (DOB: ▮▮▮▮▮▮) gait, movement, posture, stride, foot mechanics, body mechanics.

2.    All documents and communications concerning any other gait analysis, gait comparison, biomechanical assessment, movement analysis, or similar evaluation performed, prepared, reviewed, or transmitted by you or Friendly Foot Care, P.C. for the federal government in connection with the January 5–6, 2021 pipe-bomb investigation.