IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN COLE, JR.,<br><br>Defendant. | Case No. 1:26-cr-1 |

**DEFENDANT BRIAN COLE JR'S RENEWED MOTION FOR EARLY RETURN OF PRETRIAL SUBPOENAS**

Defendant Brian Cole, by and through undersigned counsel, and pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure, renews his request that this Court issue and direct the early return of three subpoenas—each of them narrowed since Mr. Cole first sought it—to (1) Shauni Kerkhoff, (2) Daniel Dickert, and (3) Dr. Michael Nirenberg, DPM.

## BACKGROUND

Mr. Cole first moved for the issuance and early return of these subpoenas on April 1, 2026, with a requested return date of April 24, 2026. (Dkt. 58.) The Court never ruled on that request. Instead, the filing prompted a months-long dispute over sealing: the motion was placed under seal, the government moved for an order to show cause, Dkt. 59, and the parties briefed whether and in what form the motion could appear on the public docket, Dkts. 60, 61, 77-1, 77-2, 77-3, 77-4. The Court resolved that dispute at the July 8, 2026 status conference, adopting Mr. Cole's proposed redactions and declining to adopt the government's additional ones, which

the Court found "relate to information already available publicly or to general investigative techniques." Minute Order, July 7, 2026. On July 9, 2026, the Court directed the clerk to file the redacted pleadings on the public docket, where the subpoena motion now appears at Dkt. 84, and denied the sealing motions as moot. Minute Order, July 9, 2026.

What the Court has not yet done is grant the relief the April 1 motion sought. Mr. Cole has not yet issued or served any of the three subpoenas. Mr. Cole renews the request now, in narrowed form, with the appropriate information redacted from each attached subpoena.

Mr. Cole incorporates the full background as it appears in the April 1 motion, Dkt. 58 (redacted version at Dkt. 84) and will only summarize it here.

Ms. Kerkhoff was a U.S. Capitol Police Officer on January 6, 2021 and was present at the Capitol that day; she now works for the Central Intelligence Agency. On November 6, 2025, the FBI interviewed her and administered a polygraph examination that asked her, twice and directly, whether she placed the pipe bombs. She failed it. The next day—five days before the FBI opened a file on Mr. Cole—the FBI named her a person of interest and issued subpoenas and preservation requests for her electronic accounts. Over the weeks that followed, agents questioned Ms. Kerkhoff and her boyfriend Daniel Dickert, also a Capitol Police Officer, interviewed her co-workers and neighbors, surveilled her without her knowledge, requested her employment records from the CIA, and captured footage of her walking to a podiatrist, apparently for a gait analysis. Mr. Cole was arrested on December 5, 2025.

The FBI closed the surveillance lead on Ms. Kerkhoff a month later.

After Mr. Cole filed his April 1 motion, the government produced additional Kerkhoff materials in discovery—specifically stating that it was doing so because it believed the materials were potentially responsive to what the subpoenas sought from third-parties. In its production of June 30, 2026, the government supplied part—but only part—of what Mr. Cole had asked one subpoena recipient (Ms. Kerkhoff) to produce. Mr. Cole does not ask this Court to order production of documents he now has, and he has narrowed his requests accordingly.

Mr. Cole seeks the issuance and early return of three subpoenas:

a. A subpoena to Ms. Kerkhoff, attached as Exhibit A, narrowed from the version submitted on April 1. Mr. Cole withdraws former Request Nos. 2, 9, and 11. The remaining requests are refined in scope, including documents reflecting the disposition of Ms. Kerkhoff's iPhone 7 and the identification of her Apple Watch and associated accounts.

b. A subpoena to Mr. Dickert, attached as Exhibit B, in the form previously submitted, less former Request Nos. 6 and 7, with the remaining requests narrowed in scope.

c. A subpoena to Dr. Nirenberg, attached as Exhibit C, in the form previously submitted, with Request No. 1 narrowed in scope.

**ARGUMENT**

The *Nixon* showing set out in Mr. Cole's April 1 motion, Dkt. 58 at 4–6 (now Dkt. 84), remains satisfied, and Mr. Cole incorporates that analysis by reference

rather than repeat it. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974); *United States v. Trump*, 703 F. Supp. 3d 89, 92 (D.D.C. 2023). Only two things have changed since April 1, and both cut in favor of issuance.

*First*, the requests are narrower. The government's post-motion production reached some of the categories Mr. Cole originally sought, and he has withdrawn those categories rather than duplicate them. What remains is tailored by recipient, category, and timeframe, and Mr. Cole will work in good faith with the recipients' counsel to narrow further where warranted.

*Second*, the government's production confirms rather than moots the need for these subpoenas. A Rule 17(c) subpoena is not defeated because the government has produced material on the same subject. The second *Nixon* element asks whether the specific documents sought are "not otherwise procurable reasonably in advance of trial by exercise of due diligence"—a question about the documents, not the topic. *Nixon*, 418 U.S. at 699; *see Bowman Dairy Co. v. United States*, 341 U.S. 214, 219–20 (1951) (materials not produced by the government may be subpoenaed under Rule 17(c)). The government produced what the government collected. Rule 17(c) reaches what these witnesses themselves hold, including the native files, the devices those files sit on, and the materials the government never requested or never received.

The remainder of the showing is unchanged. Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg remain the only sources for the records sought, and Mr. Cole still needs them in advance of trial, including the time required to review the productions, issue any follow-on subpoenas, and retain a podiatry expert to interpret the gait analyses

the government commissioned. Dkt. 58 at 5–6.

Undersigned counsel conferred with counsel for the government, who oppose this motion and the issuance of the three subpoenas.

## CONCLUSION

Mr. Cole respectfully requests that the Court issue the attached subpoenas directing Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg to produce responsive documents by October 30, 2026.

Date: August 19, 2026

Respectfully submitted,

*/s/ J. Alex Little*
J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)
John M. Shoreman
DC Bar #407626
HUMANITY DIGNITY AND RIGHTS LLC
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

*/s/ J. Alex Little*
J. Alex Little