UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) CASE NO. 1:26-cr-00001-AHA
BRIAN J. COLE, JR., )
Defendant. )

TRANSCRIPT OF STATUS CONFERENCE
**BEFORE THE HONORABLE AMIR H. ALI, DISTRICT JUDGE**
Thursday, September 10, 2026
2:08 p.m. - 3:01 p.m.
Washington, DC

**FOR THE GOVERNMENT:**
Office of the United States Attorney
BY: JOCELYN S. BALLANTINE, CHARLES ROBERT JONES and STUART DOUGLAS ALLEN
601 D Street, NW
Washington, DC 20530

**FOR THE DEFENDANT:**
McFadden & Shoreman, LLC
BY: JOHN M. SHOREMAN
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036

Litson, PLLC
BY: JOHN ROSS GLOVER
54 Music Square East, Suite 300
Nashville, Tennessee 37203

**SONJA L. REEVES**
**Registered Diplomate Reporter**
**Certified Realtime Reporter**
**Federal Official Court Reporter**
333 Constitution Avenue, NW
Washington, DC 20002
Transcript Produced from the Stenographic Record

stuff that you would have produced independent of the requests, and then also working with defense counsel to make sure you provide some additional things in response to the request?

MR. JONES: That's accurate.

THE COURT: Does the government have any motions coming that I should be aware of?

MR. JONES: I believe we have a request to make today orally, but no -- I wouldn't expect any substantive motions from the government, at least until we set a pretrial schedule.

THE COURT: Okay. That should do for now. Why don't I get you all, while you all are talking, to tell me your proposed next steps and anything else you were going to say.

MS. BALLANTINE: There is one -- as Mr. Jones alluded to, there is one issue that we do wish to raise orally for the Court that was I think crystallized between the government's response to the Rule 17 subpoena motion and the defense's reply.

As the Court knows, several defense counsel for Mr. Cole have entered appearances in the defamation lawsuit that was filed by Shauni Kerkhoff. They represent Steve Baker, the other author of the Blaze Media article, Blaze Media and the limited liability corporation that was formed thereafter.

It's the government's position that this may raise a conflict of interest under Rule 1.7(b)(4) in that there is the possibility that this may result in the lawyers' professional

judgment on behalf of either client adversely affecting the lawyers' responsibilities. At the moment it appears that their interests in both cases are aligned. They are asserting that Ms. Kerkhoff is a potential third-party perpetrator in this case, and they are defending the authors that Ms. Kerkhoff has sued for defamation.

Should defense continue to assert a third-party perpetrator defense, should the Court authorize that, and should this case proceed to trial and a conviction of Mr. Cole, it is likely that Mr. Cole would seek to collaterally challenge that conviction by alleging that his lawyers were -- had presented this third-party perpetrator defense and that it was a conflict of interest as to him because they were actually acting in the interest of the defamation lawsuit and their clients in the defamation lawsuit.

We think this is a waivable conflict. Our recommendation to the Court -- it's of course up to the defendant to waive it. Our recommendation to the Court is that you appoint conflicts counsel to advise Mr. Cole on this conflict so that he can make the decision as to whether he wishes to waive it.

I note that in my experience, typically, the federal public defender service is available to act in that role, and they are not conflicted out in this case. They have not -- they do not represent any other witness in this matter at this

believe that we're headed that way today, because I think this comes back to the alignment of interests ultimately, and factual overlap of a cast of characters isn't a conflict.

THE COURT: Maybe that's packed up in the question I need briefing on. If we're not there today, but feel like we're getting there in a month, I need to understand exactly how we're going to get to a place where this is not an open question and not something looming.

I think the government is taking the position that it's their understanding at the moment it would be a waivable conflict, so that would be one way to seal it shut, which may well require independent counsel for Mr. Cole to consult with on waiving the conflict, so I understand why they would make that.

I might need -- just to fully feel comfortable with that, I might need a little bit of walking through exactly how we get there under the ethics rules. And I won't start offering hypotheticals of how there could be a conflict because I would rather just get your briefing on it in the first instance, but I think I would like to order that via -- unless somebody wants to jump the gun and file a motion, because I think that's the better route.

What I'll do is I'll think about it and I'll issue an order as to some more guidance as to specifically what I would like on this and a timeline for it, or ask you all to give me a

timeline for it once I tell you what it is I need.

Anything else you would like to say on that point?

MR. GLOVER: No, Your Honor, other than I think, even if we get down that path and Mr. Cole needs the independent advice under 1.7, 1.8, 1.10, the Court doesn't need to appoint counsel to do that. We can obtain counsel and get independent counsel for Mr. Cole. That's something that can be handled by the defense and indeed is handled every day across the country by counsel.

THE COURT: Got it. That may well be a fair point, and that can be part of your submission on kind of how to resolve the issue.

Let me see if there is -- I guess, again, with a focus not towards resolution of the motion, but towards next steps, to the extent there need to be any -- and I'll give the government a chance to answer this question too. On the motion for early return of subpoenas, one of the things on my first review of the briefing, and I'm going to sit down with it some more, is that it does seem tied up, at least in part, or to relate at least in part into the defenses that will be available at trial and the basis for making the alternative suspect theory.

I'm just trying to figure out the right way for me to get the information I need to understand those things. I take the government to be arguing, at least one of their arguments,

Anything else for us to discuss today?

MR. GLOVER: Not from the defense, Your Honor.

MR. JONES: No, Your Honor.

THE COURT: We can adjourn.

(Proceedings concluded at 3:01 p.m.)

CERTIFICATE

I, Sonja L. Reeves, Federal Official Court Reporter in and for the United States District Court of the District of Columbia, do hereby certify that the foregoing transcript is a true and accurate transcript from the original stenographic record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 14th day of September, 2026.

/s/ Sonja L. Reeves
SONJA L. REEVES, RDR-CRR
FEDERAL OFFICIAL COURT REPORTER