**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:26-cr-00001 (AHA)** |
| | : | |
| **BRIAN J. COLE, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF CONCERNING DEFENSE COUNSEL'S CONFLICT OF INTEREST**

In response to the Court's September 16, 2026 minute order, the defendant contends that his lawyers are not conflicted under the D.C. Rules of Professional Conduct because their simultaneous representation of the defendant in this criminal case and defendants in a Virginia civil defamation case presents "no risk" of impaired representation. ECF No. 98 at 1–4. The government's opening brief addresses this argument at length, outlining the clear risk presented by defense counsel's incentive to pursue an alternative-perpetrator defense in this case that advances the interests of their defamation clients at the expense of the defendant's interests. ECF No. 99 at 6–10. The government respectfully submits this response to make three additional points.

***First***, the defendant asserts that his claim that then-serving U.S. Capitol Police officer Shauni Kerkhoff actually committed the charged offenses, and his lawyers' defense of their defamation clients' assertion of the same, "are mutually reinforcing." ECF No. 98 at 4. The government agrees. This is precisely the problem. Neither this Court nor a reviewing appellate court can know whether defense counsel's pursuit of Kerkhoff as an alternative perpetrator in this case reflects the untainted exercise of professional judgment, *see* Rule 1.7(b)(4), or instead reflects the ethically improper goal of "reinforcing" the interests of defense counsel's other clients, *see* *Wood v. Georgia*, 450 U.S. 261, 272 (1981) (vacating and remanding because Court "cannot be

sure whether counsel was influenced in his basic strategic decisions by the interests of" another client, which would violate criminal defendant's right to due process); *United States v. Villareal*, 324 F.3d 319, 327 (5th Cir. 2003) (to establish ineffectiveness due to conflict, defendant must identify "some plausible defense strategy or tactic [that] might have been pursued but was not, because of the conflict of interest" (quoting *Hernandez v. Johnson*, 108 F.3d 554, 560 (5th Cir.1997)). This creates a conflict of interest under Rule 1.7(b)(4), as "even a reasonable possibility that a lawyer's professional judgment will be affected is sufficient to create a conflict." *Bayerische Motoren Werke AG v. Arigna Tech. Ltd.*, No.: 23- 1190 (RC), 2024 WL 2864225, at *4 (D.D.C. June 6, 2024).

***Second***, the defendant argues that his lawyers "would be pressing this defense even had the Virginia action never been filed, because counsel are acting in Mr. Cole's best interests." ECF No. 98 at 3. This misses the point. "[E]ven if" defense counsel's judgment is defensible "in some objective sense …, such a result is irrelevant in deciding whether [they have] violated Rule 1.7(b)(4), or any other Rule of Professional Conduct." *In re Hager*, 812 A.2d 904, 913 (D.C. 2002). "[T]he ethical rules do not tolerate the kind of on-and-off regime that [the defendant] proposes, which make the rules applicable only where the clients are deemed worse off[.]" *Id.* at 914 n.11. And "it is the client, not the attorney, who decides whether" their interests have been adequately represented and pursued "unaffected by any personal interest of the attorney in the outcome." *Id.* at 914. Put simply, "[o]btaining the best possible outcome for one's clients is never a viable defense to charges of ethical misconduct; the ends do not justify the means." *Id.* at 913–14.

***Third***, the defendant insists, in a pleading signed by one of his conflicted defense counsel, that he "is prepared to waive today" any conflict held by defense counsel, ECF No. 98 at 7, while

*at the same time* promising to "consult" other, purportedly "independent" members of his current defense team before he decides whether to "elect" to waive such conflict, *id.* at 8. The apparently preordained outcome of what should be an independent consultation illustrates the need for "fully independent" counsel to advise the defendant on these issues. *See United States v. Sutton*, No. 21-0598 (PLF), 2021 WL 5998384, at *1 (D.D.C. Dec. 7, 2021).

Moreover, from a practical perspective, permitting members of the current defense team to advise the defendant on the conflict of interest and its waivability will only compound the appellate risk of continued representation, adding the prospect of an invalid waiver to a record that already may be presumptively prejudicial. The Supreme Court has expressly acknowledged the "willingness of Courts of Appeals to entertain ineffective-assistance claims from defendants who have specifically waived the right to conflict-free counsel." *Wheat v. United States*, 486 U.S. 153, 162 (1988); *see also United States v. Martinez-Cruz*, 736 F.3d 999, 1003 (D.C. Cir. 2013) (noting that the Supreme Court has "admonished courts to 'indulge every reasonable presumption against a waiver of counsel'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Where there is a conflict, particularly one with "subtle implications" for the defendant, courts have recognized that "the safer course" is to appoint "independent counsel" rather than allow a conflicted attorney "to inform [the defendant] of the implications of the conflict." *See Williams v. Meachum*, 948 F.2d 863, 868 (2d Cir. 1991) (citing *United States v. Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986) (recognizing possibility that defendant's choice could be tainted by "the very attorney whose capacity to act in the defendant's interest [is] under challenge")).

The wisdom of such an approach extends to the entire defense team in this case, not only those lawyers who personally represent the defamation defendants. "Co-counsel in an action can … impute conflicts to one another, even if co-counsel are not part of the same firm." *ESC-Toy*

*Ltd. v. Sony Interactive Entertainment LLC*, No. 21-cv-00778-EMC, 2024 WL 1335079, at *8 (N.D. Cal. Mar. 27, 2024); *see also* Douglas R. Richmond, *Co-Counsel and Imputed Conflicts of Interest*, The Brief, Winter 2023, at 47 ("Lawyers commonly form co-counsel relationships. Unfortunately, those relationships sometimes create unanticipated conflicts of interest."). To determine whether a conflict is imputed to co-counsel, courts consider, among other factors, the "closeness and extensiveness of the relationship between co-counsel." *Benevida Foods, LLC v. Advance Mag. Publishers Inc.*, No. 15 Civ. 2729, 2016 WL 3453342, at *13 (S.D.N.Y. June 15, 2016) (collecting cases).

In this case, *every* member of the defense team signed their names to the motions seeking to subpoena Kerkhoff and others on the theory that she is the real perpetrator of the charged offenses—filings made both before and after the dual representation formally began. *See* ECF No. 84, 88. There is no question that each lawyer on the defense team has worked closely and extensively on this alternative-perpetrator defense, as they presumably have in all aspects of the litigation. Thus, if any current member of the defense team was to advise the defendant on his lawyers' conflict and that counsel resulted in a waiver, an appellate court would have grounds to impute the conflict to the entire defense team, thereby undermining, perhaps completely, the validity of the waiver. The circumstances here, like those at issue in *Sutton*, underscore the importance of appointing "fully independent" counsel to mitigate this risk and provide objective guidance to the defendant and the Court on the conflict and its waivability. To do otherwise would invite the very problems that the government's proposal seeks to avoid.

## CONCLUSION

The Court should adopt the government's proposal and appoint independent, conflict-free counsel—a reasonable prophylactic measure that will benefit the defendant and the integrity of this case regardless of the outcome.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Charles R. Jones*

CHARLES R. JONES (D.C. Bar No. 1035541)
STUART D. ALLEN (D.C. Bar No. 1005102)
JOCELYN BALLANTINE (CA Bar No. 208267)
Assistant United States Attorneys
National Security Section
601 D Street, NW
Washington, D.C. 20530