**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001 (AHA) |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AS TO COUNTS SEVEN AND EIGHT AND INCORPORATED MEMORANDUM OF LAW

Counts Seven and Eight of the Third Superseding Indictment (Dkt. 106) (the "Indictment") each charge Mr. Cole with an "Act of Terrorism While Armed" under D.C. Code §§ 22-3152, 22-3153(l), and 22-4502, and each alleges that he acted "with the intent to influence the policy and conduct of a unit of government, that is, the United States Congress, by intimidation and coercion." (Dkt. 106 at 3-4.) That allegation identifies the unit of government but nothing else. Neither Count says what policy of Congress Mr. Cole is accused of trying to influence, or what conduct of Congress, and Congress appears nowhere else in the Indictment's four pages.

The government can cure the omission in a sentence but has declined to do so. On October 2, 2026, the day after the Indictment was returned, the defense asked the government in writing to identify the policy and the conduct. (Ex. A at 2.) Counsel followed up on October 12. (*Id.* at 1.) On October 13, the government answered that it believed the indictment was "sufficiently specific" and that "the information

requested is available through discovery." (*Id.*) It did not say where in discovery, and it did not name a policy or an act of Congress.

Discovery cannot supply the answer, because the answer is the government's theory of the case, and the only version of that theory the government has put in writing is contradictory. Back in April, the government told the Court that Mr. Cole's "focus [was] on the parties and not the United States Congress," and "[i]t was only happenstance" that devices were planted on the evening before "the events of January 6 unfolded." (Dkt. 62 at 12-13). Counts Seven and Eight now allege that Mr. Cole intended to coerce Congress. Mr. Cole cannot prepare to defend against that accusation without knowing what he is alleged to have wanted Congress to do. Indeed, the jury will be required to assess that very intent for Counts Seven and Eight. The Court should order the government to state, separately for Count Seven and Count Eight, the policy of Congress and the conduct of Congress that it contends Mr. Cole intended to influence.

## BACKGROUND

The D.C. Code defines an "act of terrorism" as "an act or acts that constitute a specified offense as defined in paragraph (8) of this section and that are intended to":

> (A) Intimidate or coerce a significant portion of the civilian population of: (i) The District of Columbia; or (ii) The United States; or
>
> (B) Influence the policy or conduct of a unit of government by intimidation or coercion.

D.C. Code § 22-3152(1). "Unit of government" is defined by an exhaustive list of eleven institutions, the second of which is "[t]he United States Congress." *Id.* § 22-

3152(11)(B). Intent is what makes the offense. Without it, the conduct charged in Counts Seven and Eight is attempted malicious destruction of property; with it, each Count carries a fifteen-year maximum. *Id.* § 22-3153(l).

The words "that is, the United States Congress" are new to the Third Superseding Indictment. Count Four of the Second Superseding Indictment charged the same offense "with the intent to influence the policy and conduct of a unit of government by intimidation and coercion," and identified no unit of government at all. (Dkt. 64 at 2-3.) Mr. Cole moved to dismiss Count Four on that ground, among others. (Dkt. 95.) The government's answer was the Third Superseding Indictment, which divided Count Four into Counts Seven and Eight and inserted, after "unit of government," the words "that is, the United States Congress." (Dkt. 106 at 3-4.)

The government has already described Mr. Cole's supposed intent to this Court twice, and both times it described it in ways that had nothing to do with Congress. First, its detention memorandum recounted Mr. Cole's post-arrest interview: he "wanted to do something 'to the parties' because 'they were in charge,'" and he "denied that his actions were directed toward Congress or related to the proceedings scheduled to take place on January 6." (Dkt. 17 at 16-17.) Later, in opposing Mr. Cole's motion to dismiss under the January 20, 2025 pardon, the government said again that Mr. Cole "expressly disavowed any connection between his crimes and the United States Congress or the January 6 certification of the electoral college vote"; "[g]iven the defendant's focus on the parties and not the United States Congress, it is hardly surprising that he chose to target the headquarters of the DNC and RNC and

not the United States Capitol"; and "[i]t was only happenstance" that devices set to explode on the night of January 5 "sat idle until the next afternoon when the events of January 6 unfolded." (Dkt. 62 at 12-13.) The Court denied that motion.

Five months later, the government charged Mr. Cole with intending to coerce Congress.

## LEGAL STANDARD

"The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill "can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to *understand the charges*, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (emphasis added). A bill is not required "if the indictment is sufficiently specific, or if the requested information is available in some other form[.]" *Id.*; *accord United States v. Mejia*, 448 F.3d 436, 445–46 (D.C. Cir. 2006). The question is distinct from sufficiency: a court deciding a Rule 7(f) motion "focuses on whether a bill of particulars is necessary based on the Indictment and information otherwise available to Defendant" and "does not consider whether the Indictment, on its own, is sufficient." *United States v. Brown*, No. 22-cr-170 (CKK), 2024 WL 50977, at *3 (D.D.C. Jan. 4, 2024) (emphasis omitted).

## ARGUMENT

Counts Seven and Eight fail both halves of the *Butler* test. The Indictment is not specific about the one fact that makes the terrorism charge a terrorism charge,

and the information is not available in any other form, because the government's own filings describe a defendant who had no designs on Congress at all.

**A. The Indictment Leaves the Intent Element of the Statute to Guesswork.**

An indictment that repeats a statute's words is sufficient where the words themselves describe the crime. But that type of boilerplate recitation is insufficient where "guilt depends so crucially upon such a specific identification of fact"; there, "an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962). The indictments in *Russell* charged a refusal to answer a question "pertinent to the question then under inquiry" before a congressional committee without saying what the inquiry was, and so left the defendants to "go to trial with the chief issue undefined." *Id.* at 752-53, 766. Statutory language that describes only a "genus" of conduct "must be charged with greater specificity." *United States v. Hillie*, 227 F. Supp. 3d 57, 74 (D.D.C. 2017) (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007), and citing *United States v. Thomas*, 444 F.2d 919, 921–22 (D.C. Cir. 1971)).

So it is here. Section 22-3152(1)(B) does not describe a particular intent; it describes a category of intents, and the category is as wide as the business of Congress. Congress legislates. It appropriates. It confirms nominees. It investigates. It impeaches. And once every four years, on January 6, it counts electoral votes. U.S. Const. amend. XII; 3 U.S.C. § 15. The Indictment chooses none of these. It says "the policy and conduct" of Congress, in the conjunctive, as though there were one policy and one act of Congress so obvious that naming it would be redundant. There is not.

Naming the unit of government is not naming the object of the defendant's intent: the element is the intent to influence a "policy or conduct" of the unit, D.C. Code § 22-3152(1)(B), and "that is, the United States Congress" tells Mr. Cole only which of the eleven listed institutions the government has chosen. It is as if the *Russell* indictments had named the committee and still withheld the subject of the inquiry.

Courts of this district have ordered exactly this kind of bill of particulars in other January 6 cases. Section 231(a)(3) of Title 18 punishes interference with law enforcement during a civil disorder that obstructs "any federally protected function," and many January 6 indictments pleaded the element in the statute's words. Chief Judge Boasberg held that the defendant "should not be forced to guess which 'federally protect[ed] function' supports the count, especially considering that he may move to dismiss this charge depending on the specific accusation," and ordered the government to say which function it meant and which felony the defendant allegedly intended to commit. *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 3168501, at *3-4 (D.D.C. July 27, 2021). Judge Friedman found that reasoning "persuasive" and ordered the same two particulars, *United States v. Warnagiris,* 699 F. Supp. 3d 31, 53-55 (D.D.C. 2023), and Judge Kollar-Kotelly followed suit in a similar case, *Brown*, 2024 WL 50977, at *6. Each of those bills identified the object of a charged element because the answer could decide a motion to dismiss. The "policy and conduct" of Congress is the same kind of blank, with the same consequence. If the government's theory is one the statute does not reach, or one that reverses the

position on which it defeated Mr. Cole's pardon motion, Mr. Cole is entitled to test it before trial.

At some point, maybe in its opening statement, the government will reveal what it accuses him of wanting Congress to do. Perhaps it will be the counting of electoral votes at the Joint Session that convened the afternoon the devices were found, a theory the government disclaimed in April. (Dkt. 62 at 12-13.) Perhaps it will be the "response of political leaders to concerns about the 2020 presidential election," the grievance the government attributed to him. (*Id.* at 13.) Perhaps it will be some policy neither party had adopted, which Mr. Cole hoped to force by attacking both. It is even conceivable that the government has not decided, and inserted the name of the largest unit of government on the list so that the choice could wait for trial. Regardless, the answer changes the trial. If the policy is the electoral count, the defense must meet evidence about January 6 that the government has called "only happenstance" (*id.* at 13) to this case, and the defense will face a motion to dismiss directed at that theory, motions in limine, instruction requests, and a renewed question under the proclamation. A defendant "should not have to waste precious pre-trial preparation time guessing" which accusation he must meet "when the government knows precisely" what it intends to rely on "and can easily provide the information." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998).

Because the Indictment leaves the content of the intent element to be guessed at, it is not "sufficiently specific" under *Butler*.

### B. Discovery Is Not "Some Other Form" of the Information.

The government's one-sentence response rests on the second half of *Butler*: the information "is available through discovery." (Ex. A at 1.) That answer fails for two independent reasons.

*First*, discovery answers a different question. The defense has the discovery—produced by the government so far—which to date sits at approximately 500 GB. What it does not have is the government's contention about what that evidence proves on an element the government must establish beyond a reasonable doubt, and a contention cannot be found in a production, even one as large as the one in this case. "[I]t is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy." *United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006). The Second Circuit reversed a conviction on the same ground, because the government "did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided" what the government actually intended to prove at trial. *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987). And where the theory is unusual, the volume of discovery weighs in favor of a bill, because the legal theory and the conduct it rests on "are critical for [the defendant] to know well in advance of trial." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 75, 78 (D.D.C. 2019). The policy or conduct of Congress that Mr. Cole allegedly intended to influence exists only as the government's contention, and only the government can state it.

*Second*, the discovery the government points to says the opposite of what Counts Seven and Eight allege. The December 4, 2025 FBI interview in which Mr.

Cole allegedly explained his motive is in discovery, and the government has already told this Court what it shows: a defendant who "wanted to do something 'to the parties' because 'they were in charge,'" and who "expressly denied that his actions were directed toward the United States Congress." (Dkt. 62 at 5.) The surveillance video, the bomber's walking route, the timers, and the targets are in discovery, and the government has already told this Court what they show too: a "focus on the parties and not the United States Congress" and devices built to explode on the night of January 5. (*Id.* at 13.) The government cannot answer a request to identify its theory by pointing to evidence it has characterized, in a filing to this Court, as proving something entirely different. To be sure, maybe the government disbelieves the statements it obtained from Mr. Cole on December 4. Maybe it intends to tell the jury he was lying and point to some other theory that connects his alleged motives to a policy or conduct of Congress. But that only proves why a bill of particulars is necessary here. That theory would *reverse* a representation the government previously made to defeat a defense motion. Such would be paradigmatic surprise at trial that a bill of particulars exists to prevent. *See Butler*, 822 F.2d at 1193.

Even if the government were entitled to change its mind, it is not entitled to keep the change to itself.

* * *

Mr. Cole asks for one fact per Count: the policy or conduct of Congress that the government contends he intended to influence. He does not ask how the government intends to prove them. That particular is the kind the courts ordered in *Concord*

*Management*, *Mostofsky*, *Warnagiris*, and *Brown*, and it is what a bill of particulars is "designed to" do: "limit and define the government's case." *Brown*, 2024 WL 50977, at *2 (cleaned up). Put simply, if the government accuses Mr. Cole of attempting to coerce the United States Congress, and intends to prove that intent beyond a reasonable doubt, the least it can do is say what it accuses him of wanting Congress to do.

Rule 7(f) permits this motion "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Mr. Cole was arraigned on the Third Superseding Indictment on October 1, 2026, and this motion is timely. He asks that the government be ordered to file, within fourteen days, a bill of particulars stating, separately for Count Seven and Count Eight: (1) each policy of the United States Congress that the government contends Mr. Cole intended to influence; (2) each act, proceeding, vote, or decision of the United States Congress that the government contends constitutes the "conduct" he intended to influence, with its date. In making that request, Mr. Cole notes the "settled rule that a bill of particulars cannot save an invalid indictment[,]" *Russell*, 369 U.S. at 770, and reserves his objections to the sufficiency of Counts Seven and Eight. That said, knowing what accusation he faces would at least enable him to prepare for trial.

**CONCLUSION**

For the foregoing reasons, the Court should order the government to file a bill of particulars as to Counts Seven and Eight of the Third Superseding Indictment

identifying the policy and the conduct of the United States Congress that it contends Mr. Cole intended to influence.

Dated: October 15, 2026

Respectfully submitted,

*_/s/ John R. Glover_*
J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

John M. Shoreman
DC Bar #407626
Mario B. Williams
Ga. Bar No. 235254 (*Pro Hac Vice*)
HUMANITY DIGNITY AND RIGHTS
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian Cole, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2026, I served a copy of the foregoing on all attorneys of record via the Court's electronic filing system.

*/s/ John R. Glover*
John R. Glover