**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN J. COLE, JR.,<br><br>*Defendant*. | Criminal Action No. 26-00001 (AHA) |

**Pretrial Order**

Trial will start on February 16, 2027, at 9:00 a.m. in Courtroom 19. The parties should be prepared for trial to last two weeks and hold until March 5, 2027.

The court will hold a pretrial conference on January 28, 2027, at 10:00 a.m. in Courtroom 19. The following deadlines apply unless modified by the court:

1. The government shall complete any additional discovery productions under Federal Rule of Criminal Procedure 16(a) by November 2, 2026.

2. The government shall provide written notice to Defendant of any evidence it will seek to introduce under Federal Rule of Evidence 404(b) by November 2, 2026.

3. The government is under an ongoing duty to disclose any favorable or exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). To the extent it has not already done so, the government shall disclose any information that may be useful for impeachment or may otherwise affect the credibility of any government witness under *Giglio v. United States*, 405 U.S. 150 (1972) and the Jencks Act, 18 U.S.C. § 3500, by January 21, 2027, for the witnesses it anticipates calling during its case-in-chief.

4. The parties shall file all remaining pretrial motions other than motions in limine by November 20, 2026. Responses or oppositions shall be filed by November 30, 2026. Any replies shall be filed by December 7, 2026. The deadlines described in this paragraph apply to any remaining motions under Federal Rule of Criminal Procedure 12(b)(3)(A) to (D), including any motions to suppress evidence or to dismiss as well as to any government motion to exclude the admissibility of alternative-perpetrator evidence.

5. The parties shall make their respective expert disclosures consistent with Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C) by December 4, 2026. Any rebuttal or supplemental expert disclosures shall be made by December 18, 2026. Any motion to exclude or limit expert testimony shall be filed by January 7, 2027.

6. The parties shall exchange proposed stipulations by January 7, 2027, and respond to any proposed stipulations by January 14, 2027.

7. The parties shall serve their witness lists and pre-marked exhibits on each other by January 7, 2027. These lists shall reflect all witnesses and exhibits they reasonably expect to offer in their respective cases-in-chief at trial as of the time the lists are exchanged.

8. The parties may file an omnibus motion of no more than twenty-five pages per side raising all issues in limine, no later than January 7, 2027. Oppositions of no more than twenty-five pages shall be filed no later than January 14, 2027. Any reply must be accompanied by a motion for leave and be filed no later than January 18, 2027.

9. The parties shall meet and confer to prepare a joint pretrial statement. The parties shall meet in person or, if that is impractical, by videoconference. Before submitting the joint pretrial statement, the parties must discuss and try to resolve all objections to exhibits (including as to authenticity) and all motions in limine.

Counsel shall file the joint pretrial statement by January 14, 2027, and it shall include:

I. **Counsel.** List the names and telephone numbers of all counsel for each party. Identify the attorney who will serve as lead counsel at trial.

II. **Neutral Statement Of The Case.** Provide a brief, non-argumentative statement of the case for the court to read to prospective jurors.

III. **Motions.** List all outstanding motions, including motions in limine, and what motions that the parties resolved or narrowed during their meet and confer.

IV. **Undisputed Issues And Stipulations.** List all issues not in dispute and facts to which the parties stipulate.

V. **Lesser Included Offenses.** List any lesser included offenses for which any party may seek a jury instruction.

VI. **Prior Convictions.** List any prior convictions that the government intends to use for impeachment or any other purpose, followed by any specific objections and supporting legal authority.

VII. **Witness List.** Identify the witnesses each side intends to call with a brief description of each witness's testimony, including the scope of any expert designation, followed by any specific objections to each witness and supporting legal authority. No party may withhold a witness's identity without leave of the court after a showing of good cause.

VIII. **Exhibit List.** Identify all exhibits each party intends to use, with a brief description of each exhibit, followed by any specific objections and supporting legal authority.

IX. **Demonstrative/Physical/Videotape Evidence.** Identify all demonstrative, physical, and/or videotape evidence that each party intends to use at trial, with a brief description, followed by any specific objections and supporting legal authority.

X. **Agreed Upon Voir Dire Questions.** Submit a list of proposed voir dire questions for the court to ask to prospective jurors during voir dire. All questions shall have yes or no answers, and none shall be multi-part or conditioned on the answer to a prior question. To the extent a party unilaterally proposes a question, it shall be in a separate list, followed by any specific objections and supporting legal authority.

XI. **Agreed Upon Jury Instructions.** Submit a proposed, complete set of preliminary and final jury instructions for this case. The proposed instructions shall be formatted so that each instruction begins on a new page, with the full text of each proposed instruction and citation to the specific standard instruction or other authority for the proposed instruction. Any variations or alterations of the standard jury instructions shall be clearly identified. To the extent the parties disagree on any instruction, they shall clearly indicate the dispute, and the proposed instruction shall be followed by any specific objections and supporting legal authority.

XII. **Agreed Upon Verdict Form.** Submit a proposed verdict form that includes a date and signature line for the jury foreperson.

XIII. **Special Matters.** Identify any special considerations for trial, such as accommodations for persons with disabilities or any other pertinent matters of which the court should be aware.

If the parties have no statement or submission concerning any of the above items (*e.g.*, if the parties have not stipulated to any facts), the joint pretrial statement shall so indicate.

The proposed voir dire questions, jury instructions, and verdict form shall also be submitted to the court in Microsoft Word format via email to Ali_Chambers@dcd.uscourts.gov. Counsel shall not use this email address for any other purpose, unless directed to do so by the court.

Consistent with discussions at prior hearings, the parties jointly propose that, in addition to tolling that results from the filing and resolution of pretrial motions, the court exclude the time from the date of this order until February 16, 2027, under the Speedy Trial Act. ECF No. 101 at 4. The court finds that the interests of justice served by this scheduling order; the volume and nature of the discovery; the anticipated motions for the parties to file and the court to resolve; and the need for counsel to adequately prepare for trial in this case together outweigh the interests of the public and Defendant in a trial on an earlier date. 18 U.S.C. § 3161(h)(7)(A)–(B). The court therefore excludes the time from the date of this order until February 16, 2027, under the Speedy Trial Act.

AMIR H. ALI
United States District Judge

Date: October 22, 2026