**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001-AHA |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL PRODUCTION OR TO EXCLUDE EVIDENCE AT THE SUPPRESSION STAGE**

The government asks the Court to order Mr. Cole to hand over, within ten days, every document Dr. David Black relied on in diagnosing him with Autism Spectrum Disorder, every note and recording of Dr. Black's December 2025 evaluation, and "[a] log itemizing the entire contents of Dr. Black's file." (Dkt. 111-1 ¶¶ 1-3.) Failing that, it asks the Court to strike the diagnosis from the suppression record before any witness has testified about it. (Dkt. 111 at 14.) The motion identifies no rule or statute that authorizes either order. That is because none permits what the government demands here. That should end this inquiry.

The Federal Rules of Criminal Procedure already prescribe what the government receives from a defense witness at a suppression hearing, and when it receives it. Rule 12(h) makes Rule 26.2 applicable at the hearing, and Rule 26.2 requires the defense to produce a witness's prior statements on the subject of his testimony once he has testified on direct. Before the government filed, defense counsel

told it that Mr. Cole would produce his hearing witnesses' statements as those Rules provide. (Ex. A; *see* Dkt. 111 at 6.) He will do more than the Rules require. Mr. Cole will produce the Rule 26.2 statements of each witness he calls at the evidentiary hearing, including Dr. Black, should he testify, *before* the hearing begins, and the government will prepare its cross-examination of Dr. Black with those statements in hand. Because that is everything the Rules provide, delivered earlier than they provide it, the motion should be denied.

## LEGAL STANDARD

"Rule 26.2 applies at a suppression hearing under Rule 12(b)(3)(C)." Fed. R. Crim. P. 12(h). Under Rule 26.2, "*[a]fter* a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order . . . the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a) (emphasis added). A court's inherent supervisory power "does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Carlisle v. United States*, 517 U.S. 416, 426 (1996).

## ARGUMENT

### A. Rules 12(h) and 26.2 Govern the Production of a Defense Witness's Statements at a Suppression Hearing, and Mr. Cole Will Produce Them Early.

The motion concerns one prospective witness at one proceeding: Dr. Black, at the evidentiary hearing Mr. Cole has requested on his motion to suppress. (Dkt. 111

at 5-6; Dkt. 102 at 38-39.) The Rules address that situation. Rule 26.2 "applies at trial, at a suppression hearing under Rule 12," and at five other proceedings the Rule lists. Fed. R. Crim. P. 26.2(g). Rule 12(h) says the same thing. Rule 26.2 reaches "any statement of the witness" in the defense's possession "that relates to the subject matter of the witness's testimony." *Id.* 26.2(a). It defines a "statement" to include "a written statement that the witness makes and signs, or otherwise adopts or approves." *Id.* 26.2(f)(1). And it requires the court to review in camera anything the calling party claims is privileged or unrelated, and to excise those portions before delivery. *Id.* 26.2(c).

Rule 26.2 codifies *United States v. Nobles*, 422 U.S. 225 (1975). When the prosecution there sought a defense investigator's report, the trial court "declined to order disclosure at that time" and ruled instead that the edited report "would have to be submitted to Government counsel at the completion of the investigator's impeachment testimony." *Id.* at 228-29. When the defense refused, the court barred the investigator from testifying about the interviews. *Id.* at 229. The Supreme Court upheld that ruling because the defense, "by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony." *Id.* at 239. Rule 26.2 followed in 1979, "consistent with the reasoning in *Nobles*," to place a defense witness's prior statements "on the same legal footing" as a government witness's statements under the Jencks Act. Fed. R. Crim. P. 26.2 advisory committee's note to 1979 addition. With both, the trigger is actual testimony. Until Mr. Cole calls Dr. Black to the stand, Rule 26.2 requires nothing of him.

The Rule permits earlier disclosure, and the Advisory Committee encouraged it: Rule 26.2 "is not intended to discourage the practice of voluntary disclosure at an earlier time so as to avoid delays at trial." *Id.* Mr. Cole will make that voluntary disclosure here before the hearing so that no recess under Rule 26.2(d) is needed. Indeed, Mr. Cole has already given the government more than the Rules require at this stage, filing the full report of his interrogation expert, Dr. Richard A. Leo, with his motion. (Dkt. 102-2.)

The government says it needs Dr. Black's materials so that the "reliability" of the diagnosis "may be tested" and so that the Court's findings are "more than conclusory assertions made on a deficient record." (Dkt. 111 at 6.) For starters, those aims are what the government's response and rebuttal experts are for. But Rule 26.2 also already serves that purpose at suppression hearings. When the Advisory Committee extended the Rule to those hearings in 1983, its first reason was that "production of witness statements enhances the ability of the court to assess the witnesses' credibility and thus assists the court in making accurate factual determinations at suppression hearings." Fed. R. Crim. P. 26.2 advisory committee's note to 1993 amendment. Because the Rules already strike that balance for this witness at this hearing, and Mr. Cole will honor it ahead of schedule, the only question the motion presents is whether the government is entitled to more.

**B. The Government Cites No Authority Entitling It to More.**

The motion's final section is titled "The Relief Sought is Appropriately Tailored and Legally Supported." (Dkt. 111 at 12.) It then confusingly lists the authority the

government is *not* relying on. The government "is not seeking early expert witness disclosures for Dr. Black under Federal Rule of Criminal Procedure 16(b)(1)(C)," it "is also not seeking early notice under Rule 12.2," and it is not "making a *Daubert* challenge." (*Id.*) The section never names the rule the government *is* relying on. That omission is the answer to the motion. No rule reaches these materials at this stage.

*First*, the reciprocal-discovery provisions of Rule 16 are built for trial, and they stop short of what the government wants. Rule 16(b)(1)(B) lets the government inspect "the results or reports of any physical or mental examination," and only if the defendant "intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony." Fed. R. Crim. P. 16(b)(1)(B). Even that rule reaches only "results or reports." It says nothing about an examiner's notes or the entire contents of his file. Rule 16(b)(2) goes further and excludes from reciprocal discovery, "[e]xcept for scientific or medical reports," any "reports, memoranda, or other documents made by . . . the defendant's attorney or agent, during the case's investigation or defense," and any "statement made to . . . the defendant's attorney or agent, by . . . the defendant." Fed. R. Crim. P. 16(b)(2)(A), (B)(i). Dr. Black examined Mr. Cole as a mental health professional "retained by the defense," under an order defense counsel obtained for that purpose. (Dkt. 111 at 2 (citing Dkt. 13, 14).) His notes of what Mr. Cole *told* him are statements that Rule 16(b)(2)(B)(i) places outside Rule 16 entirely. *Nobles* drew the same line: in approving production of the investigator's report, the Court noted

that "there is no suggestion that the portions subject to the disclosure order reflected any information that [the defendant] conveyed to the investigator." 422 U.S. at 234.

*Second*, the government distances itself from the actual Rules that govern here for good reason. Both concern evidence at trial. Rule 12.2(b) requires notice of expert evidence of a mental condition "bearing on . . . the issue of guilt," Fed. R. Crim. P. 12.2(b), and Rule 16(b)(1)(C) only reaches expert testimony the defendant intends to use "during the defendant's case-in-chief at trial," Fed. R. Crim. P. 16(b)(1)(C)(i). When those rules are triggered, the defendant owes a written disclosure containing "a complete statement of all opinions" the expert will offer, "the bases and reasons for them," the expert's qualifications, and a list of his prior testimony. Fed. R. Crim. P. 16(b)(1)(C)(iii). Neither rule requires an expert's notes, every document he consulted, or an inventory of his file. The government thus asks for more before a pretrial hearing than the Rules would give it before trial, where the parties' agreed date for expert disclosures is December 4, 2026. (Dkt. 111 at 12; Dkt. 115.)

*Finally*, the government does not invoke the Court's inherent authority, and that authority could not supply what the Rules withhold. The supervisory power "does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Carlisle*, 517 U.S. at 426. Rules 12(h) and 26.2 prescribe when the defense produces a hearing witness's statements: after the witness testifies. An order requiring Mr. Cole to produce Dr. Black's notes and file within ten days, before the Court has even set a hearing, would replace that rule with a different one.

The government's sole unreported and out of district authority confirms the point. The government says that the court in *United States v. Theodorou*, 2023 WL 7386421 (N.D. Ohio Nov. 8, 2023), found that neither Rule 12.2 nor Rule 16(b)(1)(C) "formally entitled" the government to the materials. (Dkt. 111 at 13.) The court's actual words were broader: "the Government has pointed to no law which would entitle it to the information it seeks at this stage." *Theodorou*, 2023 WL 7386421, at *3. The court then ordered a narrower production anyway, on the ground that the government had raised "reasonable concerns," without identifying any source of authority for doing so. *Id.* But even *Theodorou* stopped short of what the government seeks here.[1] The court ordered production of two sets of preexisting medical records that the expert's report listed among his sources, together with an itemized list of the

[1] *Theodorou* also is out of step with the settled rule, which this Court, the D.C. Circuit, and even the broader Sixth Circuit all apply. A court may not compel a witness's prior statements before the witness testifies, and the government has no claim to a defense expert's files or recordings that a rule does not give it. *See, e.g.*, Fed. R. Crim. P. 26.2 advisory committee's note to 1993 amendment (stating that the amendment "is not intended to require production of a witness's statement before the witness actually testifies"); *United States v. Carter*, 70 F.3d 146, 147 (D.C. Cir. 1995) ("Once a government witness has testified on direct examination—at trial or at a suppression hearing—the government, on motion of the defendant, must produce any statement in its possession made by the witness and relating to the subject matter of the witness's testimony."); *United States v. Wallace*, 326 F.3d 881, 884 (7th Cir. 2003) (affirming an order, entered at the start of a suppression hearing, that a defense investigator's report be turned over to the government "after [the defense witness] testified," because Rule 26.2(g) "makes clear that it applies in suppression hearings"); *United States v. Qin*, No. 1:18-cr-10205-DJC, ECF No. 288 (D. Mass. Aug. 4, 2020) (electronic order) (explaining that the court had "in essence allowed" the government's Rule 26.2 motion for a defense expert's statements, made "during . . . cross-examination of [the defense expert]" at a suppression hearing); *United States v. Tao*, 2021 WL 5205446, at *9 (D. Kan. Nov. 9, 2021) (denying "as premature" the government's request for defense witnesses' statements because "Rule 16 does not provide for pretrial discovery of statements made by prospective defense witnesses" and "Rule 26.2 applies only to witnesses who actually testify," where the defendant had promised to "fully comply with any discovery obligations under Rules 16 and 26.2"); *United States v. Beckford*, 962 F. Supp. 748, 764 n.16 (E.D. Va. 1997) (denying the government's request for "any and all materials supplied to the defense expert that form the basis of his or her opinion" because "[a]n order of that scope would violate the defendants' Sixth Amendment right to effective assistance of counsel"); *see also United States v. Alvarez*, 519 F.2d 1036, 1047 (3d Cir. 1975) ("Disclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand.").

expert's file; it did not order production of the expert's notes or recordings of his evaluation. *Id.* at *3. The government asks for those as well. (Dkt. 111-1 ¶ 2.)

The government's remaining authorities address what evidence will support a finding of fact. (Dkt. 111 at 7-10.) None orders a criminal defendant to produce anything before a hearing.

### C. The Government's Objections Go to Weight, and the Court Will Weigh Them at the Hearing.

Most of the motion previews the governments anticipated argument that the Court should give Dr. Black's diagnosis little weight. The government says the diagnosis rests on "inherently subjective clinical assessments" and that Dr. Black's opinions are "marred by indicia of unreliability." (Dkt. 111 at 1, 11.) It points to Mr. Cole's school records and to the timing of Dr. Black's January 2026 letter. (*Id.* at 2-3, 11.)[2] Mr. Cole disputes each inference, and the evidentiary hearing is where the Court will resolve them. Dr. Black will testify with his Rule 26.2 statements already in the government's hands, and the government may cross-examine him—and any other witness the defense might call—on every point in Sections I through III of the government's motion. The schedule leaves room for that sequence: the government's opposition to the suppression motion is due November 13, 2026, Mr. Cole's reply is due December 4, 2026 (Minute Order of Oct. 7, 2026), and the Court has not yet set a hearing date.

---

[2] The government accuses Mr. Cole of having "misleadingly omit[ted]" that the magistrate judge's detention order recited what "the defense reports" (Dkt. 111 at 5), but shortly before that quotation the suppression motion cites the source of the diagnosis, Dr. Black's letter (Dkt. 102 at 12 (citing Dkt. 52-1)).

"At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *see* Fed. R. Evid. 104(a), 1101(d)(1). The government's own authority explains what follows. In *United States v. Stepp*, 680 F.3d 651 (6th Cir. 2012) (cited in Dkt. 111 at 7-8), the Sixth Circuit endorsed the practice of "hearing the purported expert testimony, weighing its reliability, and then choosing to credit parts of it but not all," and explained that the court's decision about "what weight to afford that expert's testimony" will "typically *follow* the presentation of an expert's testimony, rather than precede it." *Id.* at 669 (emphasis added). It then held that the district court had abused its discretion by refusing to hear a defense expert at a suppression hearing, though it found the error harmless. *Id.* at 669-70. The weighing *Stepp* describes is part of an inquiry the government must win. It bears the burden of proving by a preponderance of the evidence that Mr. Cole's statements were voluntary, *Lego v. Twomey*, 404 U.S. 477, 489 (1972), under "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation," *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). The motion would have the Court strike evidence of "the characteristics of the accused" from that inquiry *before* hearing it, the reverse of the sequence that cases like *Stepp* describe.

Nor is exclusion available as a sanction. The government asks for the sanction without any violation. Rule 16(d)(2) permits a court to bar undisclosed evidence when "a party fails to comply with this rule." Fed. R. Crim. P. 16(d)(2). Rule 26.2(e) requires

the court to strike a witness's testimony when the party who called the witness "disobeys an order to produce or deliver a statement." Fed. R. Crim. P. 26.2(e). Each sanction follows a violation, and Mr. Cole has violated no rule and no order. He has instead committed to produce his witnesses' statements before Rule 26.2 requires them. That is all the Rules require.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's Motion to Compel Production of Post-Arrest Diagnosis Information or to Exclude Evidence at Suppression Stage (Dkt. 111). Mr. Cole will produce the Rule 26.2 statements of each witness he calls at the evidentiary hearing, including Dr. Black, before the hearing.

Dated: October 23, 2026

Respectfully submitted,

*/s/ John R. Glover*
J. Alex Little
Zachary C. Lawson
John R. Glover
Bill Abely (*pro hac vice*)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203
(615) 985-8205
alex@litson.co
zack@litson.co
jr@litson.co
bill@litson.co

John M. Shoreman
DC Bar #407626
Mario B. Williams
Ga. Bar No. 235254 (*Pro Hac Vice*)
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485

jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian J. Cole, Jr.*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I electronically filed the foregoing opposition with the Clerk of Court using the CM/ECF system, which will serve all registered participants in this case.

*/s/ John R. Glover*
John R. Glover