**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001-AHA |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS ONE AND TWO AS UNTIMELY

Mr. Cole's motion to dismiss Counts One and Two, Dkt. 108, rested on a straightforward syllogism: (1) under the plain text of the Federal Rules of Criminal Procedure ("Criminal Rules"), only "courts" can empanel grand juries to return indictments in federal district court; (2) the Criminal Rules define "court" explicitly to exclude Superior Court judges; therefore, (3) grand juries empaneled by Superior Court judges cannot return indictments in federal district court. Because the first indictment returned by a federal grand jury came more than five years after the alleged criminal acts, Counts One and Two, which carry a five-year statute of limitations, must be dismissed as untimely.

The government's opposition, Dkt. 112 ("Opp."), does not quarrel seriously with either premise of the syllogism; instead, it disputes the conclusion, arguing that the Court should look beyond the plain text to reach a conclusion contrary to it. It contends that Mr. Cole has failed to think deeply enough about the "interplay" between the Criminal Rules and D.C. Code § 11-1916(a) (Opp. 1), but the 2002

Amendments to the Criminal Rules made intentional changes that are irreconcilable with that older statute, and the Rules Enabling Act establishes that the Criminal Rules supersede any conflicting laws. The government gains no greater traction by pointing to a handful of instances in which federal courts have accepted Superior Court indictments, because those rulings have largely assumed the propriety of doing so and such drive-by rulings have little precedential value.

Finally, it is true that, in *United States v. Stewart*, 810 F. Supp. 3d 65 (D.D.C. 2025), Chief Judge Boasberg considered these issues at length before accepting the Superior Court indictment. But that was merely the first act; the court admitted that the issue is "a close and challenging one" raising "serious legal questions," and it stayed the case pending appeal. Order, *United States v. Stewart*, No. 1:25-mj-00225-ZMF (Dec. 9, 2025). The D.C. Circuit's forthcoming decision in that appeal, which is now fully briefed, is likely to govern the same question here.

**ARGUMENT**

Mr. Cole's argument is simple: where the text of a statute is clear, there is no cause to consider anything beyond it; indeed, it is error to do so. *See Rubin v. United States*, 449 U.S. 424, 430 (1981) (when the words of a statute are unambiguous, "judicial inquiry is complete"). That is because "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). The Rules Enabling Act gives the Criminal Rules statutory weight, providing that "[a]ll laws in conflict with [the Criminal Rules] shall be of no further force or effect after such rules have taken

effect." 28 U.S.C. § 2072(b); 4 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1030 & n.2, at 125 (2d ed. 1987) ("Statutes enacted prior to the rules that are inconsistent with them are superseded."). Consequently, if the Criminal Rules are clear, the inquiry is over.

The 2002 Amendments to the Criminal Rules could not be clearer that only a federal grand jury can return an indictment in federal district court. Rule 6 requires that all federal felony cases be initiated by an indictment returned by a grand jury summoned by "the court," and Rule 1 defines "the court" to exclude judges of the District of Columbia. *See* Fed. R. Crim. P. 1(b)(2), 6(a)(1), 6(f) . To the extent there is any doubt about that result or whether it was intentional, the commentary to the 2002 Amendments resolves it, reiterating that the "term [federal judge] does not include local judges in the District of Columbia." Fed. R. Crim. P. 1 advisory committee notes to 2002 amendment.

The government's opposition offers two main reasons why the Court should look past the clear text to find uncertainty despite the clear text, then resolve the uncertainty in the government's favor. *First*, it identifies isolated cases over the years where federal prosecutions have arisen from Superior Court indictments—typically without challenge, and therefore without judicial reasoning—and submits that those drive-by rulings must mean something. *Second*, it argues that D.C. Code § 11-1916(a), an older statute, can be read to permit Superior Court grand juries to return federal indictments, and the 2002 Amendments to the criminal rules should not be construed to impliedly repeal that statute. Neither argument succeeds.

### A. No Precedential Decision Addresses the Issue Presented Here.

The government's first argument is one from inertia: that because "Superior Court grand juries have returned indictments in federal court for years" (Opp. at 8 (citing cases)), that practice must be authorized. But it identifies fewer than ten instances since 2002 where federal courts have accepted Superior Court indictments—less than one every two years—a number that, if anything, underscores how unconventional the tactic is. More fundamentally, virtually all of those cases assumed the propriety of the practice without examining it, and it is settled that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.". *Webster v. Fall*, 266 U.S. 507, 511 (1925). Only *Stewart* confronted the question directly, and that non-binding opinion is stayed pending appeal after finding the issue "a close and challenging one" raising "serious legal questions." Order, *Stewart*, No. 1:25-mj-00225-ZMF (Dec. 9, 2025).

The government reserves its greatest emphasis for the D.C. Circuit's decision in *United States v. Seals*, 130 F.3d 451 (D.C. Cir. 1997), where the Court said that § 11-1916(a) "provides that '[a] grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether the indictment is returnable in the Federal or District of Columbia Courts.'" *Id.* at 455. But that language was mere *dicta*, as it was prefatory to the discussion whether empowering a Superior Court grand jury to return a federal indictment would be an unconstitutional vesting of the power of the judicial branch within the executive

branch. *Id.* at 455-60. Even Chief Judge Boasberg in *Stewart* recognized that *Seals* "discussed the statutory meaning of Section 11-1916(a) only in *dicta*." *Stewart*, 810 F. Supp. 3d at 71. Moreover, *Seals* predated the 2002 Amendments to the Criminal Rules, which clarified that Superior Court judges are not "courts" or federal judges.

In sum, there is no established practice or doctrine permitting Superior Court grand juries to return indictments in federal district courts, and certainly none capable of overriding the clear text to the contrary.

**B. D.C. Code § 11-1916(a) Is Irreconcilable With The Criminal Rules.**

The government spills considerable ink arguing that repeals by implication are disfavored and laboring to find a way to reconcile D.C. Code § 11-1916(a) with the Criminal Rules. It fails in two distinct ways: because the text of the Criminal Rules is clear, and because D.C. Code § 11-1916(a) can be read to remain in force in ways that do not disturb the Criminal Rules' clear meaning.

**1. No intent analysis is necessary if the text is clear.**

The government argues that Mr. Cole "bears the heavy burden of showing a clearly expressed congressional intention" that the 2002 Amendments to the Criminal Rules repealed by implication D.C. Code § 11-1916(a). Opp. at 10 (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018)). But there are two paths to showing that a later statute repealed an earlier one: by proving that Congress's "intention to repeal is 'clear and manifest'" (*Maine Cmty. Health Options v. United States*, 590 U.S. 296, 315 (2020) (citation omitted)), or by showing that "the two laws are 'irreconcilable'" *id.* Showing that the laws are irreconcilable therefore requires

no proof of Congressional intent; instead, it is enough that "a statute specifically permits what an earlier statute prohibited, or prohibits what it permitted." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 327 (2012).

That is the case here; the Criminal Rules prohibit commencing federal criminal proceedings with non-federal indictments. Rule 1 provides that the Rules "govern the procedure in *all criminal proceedings* in the United States district courts." Fed. R. Crim. P. 1(a)(1) (emphasis added). The Fifth Amendment requires that all felony prosecutions proceed by indictment of a grand jury, and Rules 6 and 1 require that all felony prosecutions begin with an indictment from a federal grand jury. *See* Fed. R. Crim. P. 1(b)(2), 6(a)(1), 6(f). Any exception to this process—including by commencing a federal criminal proceedings with a Superior Court indictment under D.C. Code § 11-1916(a)—would mean that the Criminal Rules do not, in fact, "govern the procedure in all criminal proceedings in the United States district courts." Fed. R. Crim. P. 1(a)(1). The conflict is direct. Because the Criminal Rules in force since 2002 prohibit what the government says D.C. Code § 11-1916(a) permits, "the earlier statute is (no doubt about it) implicitly repealed." Scalia & Garner, *supra,* at 327.

**2. D.C. Code § 11-1916(a) has not been "repealed by implication" under Mr. Cole's reasoning.**

Although the clear text of the Criminal Rules means that Superior Court grand juries cannot return federal indictments, it does not follow that § 11-1916(a) lacks function. That statute provides that a Superior Court grand jury may "take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts." D.C. Code § 11-1916(a). By

allowing a grand jury to "take cognizance of all matters brought before it," this language empowers local grand juries in Superior Court to *investigate* all matters brought before it: civil and criminal, federal and local. The critical investigatory function remains even if any resulting indictments may only be returned in Superior Court.

This distinction between indictment power and investigative power—i.e., "tak[ing] cognizance"—is logical given that federal grand juries' non-criminal investigation authority is limited. *See* 18 U.S.C. § 3333. And it accords with grand juries' history of investigating malfeasance even where an investigation may not result in an indictment, as when grand juries investigate local jails. *See*, e.g., Ala. Code § 12-16-191; Ark. Code Ann. § 16-85-503(a)(2); Ga. Code Ann. § 15-12-71(b)(1); Minn. Stat. § 628.61(2); N.C. Gen. Stat. § 15A-628(a)(5). There are myriad other examples of grand juries' investigative functions, and those would remain even under the plain meaning of the Criminal Rules, which bar local D.C. grand juries from returning indictments in federal court.

## CONCLUSION

For the foregoing reasons, the first indictment validly returned in federal court came more than five years after the alleged criminal acts. Consequently, the Court should dismiss Counts One and Two of the Third Superseding Indictment.

Dated: October 26, 2026

Respectfully submitted,

*/s/ John R. Glover*
J. Alex Little
Zachary C. Lawson

John R. Glover
Bill Abley
LITSON PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203
(615) 985-8205
alex@litson.co
zack@litson.co
jr@litson.co
bill@litson.co

John M. Shoreman
DC Bar #407626
Mario B. Williams
Ga. Bar No. 235254 (*Pro Hac Vice*)
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian J. Cole, Jr.*

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will serve all registered participants in this case.

*/s/ John R. Glover*
John R. Glover