**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN COLE, JR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cr-00001 (AHA) |

# DEFENDANT BRIAN COLE JR.'S MOTION TO COMPEL PRODUCTION OF THE FORENSIC IMAGE OF SHAUNI KERKHOFF'S IPHONE OR, IN THE ALTERNATIVE, OF ITS DATA FOR TWO DEFINED PERIODS, AND INCORPORATED MEMORANDUM OF LAW

The FBI holds a complete forensic image of the iPhone that Shauni Kerkhoff, a former U.S. Capitol Police officer, handed over on November 6, 2025, the day she failed an FBI polygraph that asked whether she placed the pipe bombs charged in this case. (Dkt. 84 at 1; Ex. A at 1–3.) After the defense asked for the image, an FBI agent reviewed it a second time and found eleven geotagged photographs the first review had missed. (Ex. B at 7–8; Ex. C at 1–2; Ex. D.) Three days later, the government refused to produce the image because it is "not exculpatory" and "irrelevant to any issue in the case." (Ex. E at 15.)

Exculpatory value, however, is the wrong test. Rule 16 asks whether an item is "material to preparing the defense," and this image is evidence that the government collected while investigating whether someone other than Mr. Cole placed the devices. Mr. Cole is entitled to all of it. (*See* Ex. F at 1–3.) He has nonetheless offered to take only a fraction of the image to which he is entitled in full: December 1, 2020

through January 30, 2021, and November 2025. (Ex. G at 1.) The government refused and offered only January 5 and 6, 2021. (*Id.*)[1] Mr. Cole therefore moves to compel production of the image or, at a minimum, of the data for his two periods. Under LCrR 16.1, defense counsel states that the defense requested the image from the government in writing on July 8 and September 30, 2026, and that the government has declined to produce it. (Ex. B at 7–8; Ex. F at 1–3; Ex. E at 15; Ex. G at 1.)

## LEGAL STANDARD

On request, the government "must permit the defendant to inspect and to copy . . . data, photographs, . . . or copies or portions of any of these items, if the *item* is within the government's possession, custody, or control and: (i) the *item* is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). That standard "normally 'is not a heavy burden'"; evidence is material "as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (quoting *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992)). If the government refuses, the Court may order the discovery and "specify its time, place, and manner." Fed. R. Crim. P. 16(d)(2)(A).

[1] Mr. Cole also asks the government to produce the January 5 and 6 portable case now, without prejudice to this motion.

## ARGUMENT

Rule 16 entitles Mr. Cole to the whole image. (Parts A and B.) His two proposed periods cover a modest and relevant portion of the phone's entire content, and each period is tied to a question the government's two days cannot answer. (Part C.) The Protective Order is sufficient to address any of the government's privacy concerns. (Part D.)

### A. The Image Is Material to Preparing the Defense.

Every count of the Third Superseding Indictment depends on proof that Mr. Cole is the person who placed the devices on January 5, 2021. (Dkt. 106; Dkt. 114 at 1.) Mr. Cole has indicated that he may defend on the ground that another specific person did. (Dkt. 114 at 2.) He is entitled to "a meaningful opportunity to present a complete defense," including evidence of third-party guilt. *Holmes v. South Carolina*, 547 U.S. 319, 324, 327–31 (2006) (cleaned up). Discovery supporting that defense is material. *See United States v. Stever*, 603 F.3d 747, 752–54 (9th Cir. 2010).

The FBI's own handling of the phone establishes materiality. It imaged the phone as an "[i]mmediate priority request" and searched it for "geolocation and all other data/activity" between 7:30 and 8:30 p.m. on January 5, 2021. (Ex. A at 1, 4.) The government will offer the same kind of evidence against Mr. Cole, whose "vehicle and cell phone were in the area at the time the bombs were placed." (Dkt. 114 at 1, (citing Dkt. 99 at 2).) Yet the FBI collected little else about Ms. Kerkhoff: no cell-site data for her telephone numbers, no warrant for her Apple account, no footage from her home cameras, and no extraction of the phone she carried in January 2021. (Ex.

E at 16, 18, 20.) This image is the government's only extraction of her photographs and messages from January 4 through 6, 2021. (Ex. C at 1–2; Ex. E at 16, 18, 30.)

The FBI's corrected review found no geolocation data for the thirty-five hours between 9:52:18 p.m. on January 4 and 9:22:58 a.m. on January 6. (Ex. C at 2.) Yet the message thread the government produced from the same image carries attachments timestamped from about 6:26 a.m. on January 5 to 6:18 a.m. on January 6. (Ex. E at 14.) Whether that pattern reflects a phone set aside for another device or activity the FBI missed when it excluded the File System Events and Unified Logs from processing (Ex. A at 3) is a question for an examiner, and "[t]he determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States*, 384 U.S. 855, 875 (1966).

### B. Rule 16 Reaches the Whole Image, and the Government Cannot Produce Only the Parts It Selects.

Rule 16(a)(1)(E) turns on the "item." If "the item is material to preparing the defense," the government must produce it. Fed. R. Crim. P. 16(a)(1)(E)(i). It "must turn over everything in its possession *or* custody *or* control . . . so long as it is 'material' under the Rule." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (emphasis in original). The "item" here is a single extraction, verified by hash, that the FBI stored as Item 1B81 and archived as Item 1B83. (Ex. A at 1, 3–4.)[2] Nothing in the

[2] The government also has refused to produce the consent form for the phone search. (Ex. E at 30.) That said, the FBI's notes record no limit on its scope. The examiner identified the "signed consent form dated November 6, 2025" as the legal authority for the examination and then extracted the full file system. (Ex. A at 2–3.)

Rule lets the government divide that item into the parts its agents thought relevant and the parts they did not, and produce only the first.

The Rule's reference to "copies or portions of any of these items" cannot save the government's position. That phrase brings copies and portions in the government's hands within the duty to produce. It gives the government no authority to cut a material item into pieces and produce the ones it prefers, least of all here, where its examiner has already generated an AXIOM portable case "of all data." (Ex. A at 4.) The government has applied the Rule this way before, producing under another clause of Rule 16(a)(1)(E) "[t]he complete extraction of Mr. Cole's Samsung S10 phone (1B50) . . . along with the scoped report." (Ex. E at 6.) The word "item" does not change meaning when the FBI images someone else's phone rather than the defendant in the given case.

The government's selective discovery productions concerning the phone have already failed once. Its first review missed eleven geotagged photographs and placed the start of the gap seventeen seconds early. (*Compare* Ex. D, *with* Ex. C at 1–2.) The FBI caught the error only on a re-review prompted by a defense request. (Ex. E at 15-16.) If the government's agents could search this image to decide whether Ms. Kerkhoff placed the devices, the least the government can do is let Mr. Cole's examiner search it too.

**C. Mr. Cole's Proposed Periods Are Narrow.**

Mr. Cole has offered to take far less than the whole phone. The image holds data from at least January 4, 2021, through its extraction on November 6, 2025. (Ex. C at 1; Ex. A at 3.) Mr. Cole asked for December 1, 2020 through January 30, 2021,

which is sixty-one days, and November 2025. (Ex. G at 1.) Together they total roughly four percent of the span.

The government's two-day offer (Ex. G at 1) is even narrower than its own agents' review, which covered photographs from January 4 and messages from January 4 through 6 (Ex. D; Ex. C at 1; Ex. E at 30).[3] It also omits a baseline. Whether thirty-five hours without location data were unusual for this phone depends on what an ordinary day looked like that December and January.

The second period is six days long. The FBI extracted the phone on November 6, 2025, so "November 2025" on this image means November 1 through 6. (Ex. A at 3.) That month, Ms. Kerkhoff's alibi, as shown to FBI agents, was a video of her dog said to be from the evening of January 5, 2021. (Dkt. 84 at 2.) Session artifacts from the Nest home-camera application date to November 2 through 6, 2025 (Ex. B at 11 ¶ 8.E.3), and the FBI collected no home-camera footage from January 5, 2021 (Ex. E at 20). What those sessions retrieved bears on the alibi.

### D. The Government's Privacy Objections Are Not a Reason to Deprive the Defense of Evidence That the Government Chose to Collect.

The government chose to collect Ms. Kerkhoff's phone when investigating. But now it objects that the image is "overly private." (Ex. E at 15, 30.) Rule 16 assigns that concern to the Court, Fed. R. Crim. P. 16(d)(1), and the government "can present

[3] The government has not said whether it will process the excluded File System Events and Unified Logs, or whether "January 5 and 6" runs on Eastern time or on the UTC clock its examiner used. (*See* Ex. G at 1–2; Ex. A at 3.) On Eastern time, the offer omits every January 4 photograph, including the two that start the gap; on UTC, it omits four from the evening of January 6. (Ex. C at 1–2.)

those particularized safety or privacy concerns to the Court in the form of a motion to modify the protective order." *United States v. Johnson*, 314 F. Supp. 3d 248, 254 (D.D.C. 2018). It has asked for nothing.

The Protective Order covers this material. Its "Sensitive" designation reaches "photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case." (Dkt. 12 ¶ 4(e).) Sensitive material may go only to "authorized persons," may not be filed publicly, and may not be given to Mr. Cole in copy. (*Id.* ¶¶ 5, 6, 8.) The government's own offer concedes that the order is enough: it will produce two days of Ms. Kerkhoff's data (Ex. G at 1), and that production, like all discovery in this case, is subject to the Protective Order (Dkt. 12 ¶ 1).

* * *

Because the image is material, the Court should order its production. Specifically, the Court should order the government to produce (1) the extraction in native format with its hash values, (2) the AXIOM case files, processed for all artifact categories, including File System Events and Unified Logs, and (3) the examiner's notes and parameters, consent form, chain of custody, and filter protocols. Fed. R. Crim. P. 16(a)(1)(E)(i), (d)(2)(A). Failing that, it should order production of all data on the image dated December 1, 2020 through January 30, 2021, and November 2025, measured in Eastern time and processed for all artifact categories, with the same supporting files and date parameters. Fed. R. Crim. P. 16(d)(2)(A). Either production

should be complete within fourteen days, subject to the Protective Order and Mr. Cole's proposed terms.

## CONCLUSION

For the foregoing reasons, the Court should order the government to produce the forensic image of Ms. Kerkhoff's iPhone or, in the alternative, its data for December 1, 2020 through January 30, 2021, and November 2025, in either case within fourteen days and subject to the Protective Order (Dkt. 12).

Date: November 2, 2026

Respectfully submitted,

*/s/ John R. Glover*

J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Bill Abely (*pro hac vice*)
LITSON PLLC
399 Boylston St, Suite 650
Boston, Massachusetts 02116
bill@litson.co

John M. Shoreman
DC Bar #407626
Mario B. Williams
Ga. Bar No. 235254 (*pro hac vice*)

HUMANITY DIGNITY AND RIGHTS LLC
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian Cole, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2026, I served a copy of the foregoing on all attorneys of record via the Court's electronic filing system.

*/s/ John R. Glover*
John R. Glover