**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN J. COLE, JR.,<br><br>*Defendant*. | Criminal Action No. 26-00001 (AHA) |

**Order**

In April 2026, Defendant moved the court to authorize and order early return of subpoenas that he intends to serve on a person the government investigated in relation to the crime charged here, as well as two other people related to the investigation. ECF No. 58. The government responded that the subpoenas were unnecessary because it had already provided the defense with some materials related to its investigation of that person and was planning to provide more of the documents sought, even if it was not required to provide them under its ordinary discovery obligations. ECF No. 63 at 6–7. After discussion with the court at a status conference, the parties agreed to confer to resolve or narrow the dispute, and the court denied Defendant's motion for early return without prejudice.[1] ECF No. 70 at 38–42, 46–47. The government subsequently produced documents that were responsive to part of Defendant's third-party subpoenas. ECF No. 88 at 3.

In August 2026, Defendant renewed his motion to authorize and order early return of the three third-party subpoenas after changing their scope based on the documents the government

[1] During this period, the parties also resolved a dispute about sensitive information that Defendant included in his initial motion for early return of the subpoenas without following procedures required by the parties' protective order. *See* ECF No. 70 at 18–35.

provided. ECF No. 88 at 3. In response, the government again provided more documents that were responsive to Defendant's revised subpoenas. ECF No. 97 at 19–20. The parties now agree the government's additional production has resolved the third proposed subpoena in its entirety and mooted several requests in the remaining two revised subpoenas. ECF No. 100 at 5–6.

Defendant now asks the court to authorize and order early return of the two remaining subpoenas—further narrowed by the government's latest productions—saying that the remaining documents may still aid his possible alternative-perpetrator defense. The court grants that motion without prejudice to any future motions to quash challenging the scope of the subpoenas.

Rule 17 of the Federal Rules of Criminal Procedure allows the court to authorize the early return of subpoenas "before trial" in certain circumstances. Fed. R. Crim. P. 17(c)(1); *see also United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (evaluating a Rule 17 motion for early return of subpoenas alongside a motion to quash those subpoenas). Here, the government challenges the proposed third-party subpoenas as seeking irrelevant and inadmissible information, but does not dispute that it would be appropriate to order their early return insofar as the court authorizes them to be issued. The government also expresses concern that Defendant seeks this discovery in bad faith because defense counsel separately represent others that may be interested in the subpoenaed information. *See* ECF No. 91 at 25–27.

The court authorizes the early issuance and return of these subpoenas without rejecting the government's challenges to their scope, concluding those challenges would be better addressed alongside any motion to quash the subpoenas. *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."); *see also Khouj v. Darui*, 248 F.R.D. 729, 731 (D.D.C. 2008) ("[T]his Court would have had no reason to conduct a *Nixon* analysis unless presented with a motion to quash.").

To the extent Defendant wishes to serve the two subpoenas that have not been mooted by the government's productions, he shall serve further narrowed versions that exclude the requests the parties agree are moot. ECF No. 100 at 2. The subpoenas shall require production to the court by December 14, 2026, and any motion to quash shall be filed by the same date.[2]

AMIR H. ALI
United States District Judge

Date: November 24, 2026

[2] The parties dispute whether Rule 17 requires production to the court (as the government says) or allows the court to order production directly to defense counsel (as Defendant wants). *See* ECF 91 at 25 n.15; ECF 96 at 16 n.5. The government has the better argument under the text. *See* Fed. R. Crim. P. 17(c)(1) (providing "[t]he court may direct the witness to produce the designated items in court before trial" and that, "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them"); *see also United States v. Al-Amin*, No. 12-cr-50, 2013 WL 3865079, at *3–4 (E.D. Tenn. July 25, 2013) (concluding "the records must be returned to the Court, not the parties"). In any event, the court finds production to the court appropriate in these circumstances.